W<small>ARREN</small> H. T<small>ILLINGHAST</small> *vs.* W<small>ILLARD</small> M. B<small>OOTHBY</small>.

PROVIDENCE—APRIL 30, 1897.

P<small>RESENT</small>: M<small>ATTESON</small>, C. J., S<small>TINESS</small> and T<small>ILLINGHAST</small>, JJ.

A contract between dentists contained a stipulation that the respondent would not, after the termination of the contract, "either directly or indirectly carry on or be employed or concerned in the practice of dentistry in the county of Providence, Rhode Island:"—

*Held,* that the stipulation was not unreasonable, and the contract was valid.

*French* v. *Parker,* 16 R. I. 219, holding that such a contract was valid though unlimited as to time; and *Oakdale Co.* v. *Garst,* 18 R. I. 484, holding that the

reasonableness of such a restriction in a contract is the test of its validity ; affirmed.

BILL IN EQUITY to restrain respondent from practising dentistry in the county of Providence. Heard on demurrer to the bill.

PER CURIAM. This bill seeks to restrain the defendant from violating the terms of his agreement by which he was employed to work for the complainant, as a dentist, with a stipulation that he would not, after the termination of the contract, " either directly or indirectly carry on or be employed or concerned in the practice of dentistry in the county of Providence, Rhode Island."

The ground urged upon demurrer to the bill is that the restrictions are unreasonable. It was decided in *French* v. *Parker*, 16 R. I. 219, that such a contract was valid though unlimited as to time ; and in *Herreshoff* v. *Boutineau*, 17 R. I. 3, and in *Oakdale Co.* v. *Garst*, 18 R. I. 484, that the reasonableness of a restriction in a contract is the test of its validity. There is no manifest unreasonableness in the contract before us, and hence there is no ground apparent in the bill upon which we can declare it to be invalid.

The demurrer is overruled.

*Stephen A. Cooke*, for complainant.

*Joseph Osfield, Jr.*, for respondent.