BURROUGHS ADDING MACH. CO. v. CHOLLAR.

No. 13176.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 4, 1935.

Rehearing Denied Feb. 1, 1935.

Thompson & Barwise and B. V. Thompson, all of Fort Worth, for appellant.

McLean, Scott & Sayers and Jack Binion, all of Fort Worth, for appellee.

LATTIMORE, Justice.

It is undisputed that appellee signed a contract whereby he was employed as salesman for appellant, and by said contract agreed for one year after termination of the contract not to engage in the sale of any machine or article competitive with products of appellant in the territory assigned him by appellant; that this included 66 counties in and around Fort Worth, Tex.; that the contract was terminated in May, 1934; and that, when in that month appellee received employment by the National Cash Register Company, by such employment he was selling in Fort Worth machines competitive with appellant's. The suit is principally for an injunction. The trial court refused the temporary writ on the ground that the contract was unreasonable.

Appellee had been in the employ of appellant five or six years, selling only typewriters, calculating machines, and office furniture, repeat orders on which are rarely less than five years apart. We agree that reasonableness is a proper inquiry, and that an injunction restraining appellee from soliciting business in all the 66 counties, when he had been actually selling for appellant only in Fort Worth, would be unreasonable. On the other hand, contracts of employment which include therein a reasonable agreement not to compete are valid. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Patterson v. Crabb (Tex. Civ. App.) 51 S. W. 870. By the contract made in advance, the parties are not able always to foresee the manner of performance of same. That appellee found it more profitable to confine his sales activities for appellant to Fort Worth does not invalidate the "no competition" clause. It does justify the court in limiting the temporary injunction to the territory within which his employment by appellant has given him an acquaintance with appellant's business, which would probably be used to its injury. Bettinger v. North Fort Worth Ice Co. (Tex. Civ. App.) 278 S. W. 466. It seems clear to us that a business which has repeat orders every five or six years could be injured by the knowledge its employee gained of its customers over a period of five or six years.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.