**PARKER v. SLAYTER.**

No. 12282.

Court of Civil Appeals of Texas. Galveston.

March 15, 1951.

Rehearing Denied April 26, 1951.

Mandell & Wright, Houston (Arthur J. Mandell, Houston, of counsel), for appellant.

Morris & Carter, Baytown (Shannon L. Morris, Baytown, of counsel), for appellee.

GRAVES, Justice.

This appeal is from an order of the 113th District Court of Harris County, sitting without a jury, Honorable Roy F. Campbell, Judge Presiding, denying the appellant a temporary injunction against the appellee, whereby the former sought to restrain the latter from practicing the art of chiropractic care and treatment, "in any manner", whatsoever, in the County of Harris, State of Texas, in alleged violation of a written contract between them, dated March 1, 1950, wherein appellant, as principal, employed appellee, as associate, in the establishment and operation, at Baytown, of the "Parker Chiropractic Clinic."

The appellant set out what he claimed to be the restrictive covenants in the contract he relied upon for such objective, claiming that the appellee had first breached them by practicing such art in the Baytown area of Harris County, for his own benefit exclusively, and, in doing so, had appropriated and used moneys belonging to the appellant.

In turn, the appellee denied appropriating to his own use any moneys belonging to the appellant, and further alleged that appellant had first breached such contract of employment by discharging the appellee, without notice or cause; hence, had not brought himself within the equitable relief he so sought.

After a full hearing upon the facts, the trial court, in so denying the relief sought, filed its findings-of-fact, which have in no manner been successfully controverted in this court, together with its conclusions-of-law based thereon.

Since such findings are binding upon this Court, and since such conclusions are, in its opinion, the law-of-the-case arising thereon, this much of both is quoted and adopted as this Court's opinion herein, to-wit:

"Findings of Fact.

"1. Said clinic was operated by and in charge of the defendant, Dr. William W. Slayter, from about March 3rd, 1950, until said Dr. Slayter was discharged on the 29th day of October, 1950; on said day plaintiff, Dr. James W. Parker, discharged defendant, Dr. Slayter, took possession of said clinic, the business and all physical properties used in the operation of said clinic, including all books and records of whatsoever character, both belonging to the said clinic

and the personal records of the defendant, Dr. Slayter; that said clinic was continued in operation by another employee of plaintiff at the same address and under the same name until the day of this trial.

"2. On November 2, 1950, Dr. Slayter opened a Chiropractic Office at 500 West Pearce, in Baytown, Harris County, under the name of "Slayter Chiropractic Clinic"; that said clinic was so continued in operation by him until the day of this trial.

"3. The said written contract of employment provided only four methods of terminating the same, to-wit:

"a. By either party giving the other 30 days' notice the first 30 days after its execution;

"b. By act of God or the public enemy in destroying the clinic building and property;

"c. By plaintiff giving defendant 30 days' notice in the event defendant breached said contract; and

"d. By the natural termination thereof.

"4. The only applicable method of terminating the contract was for plaintiff to give defendant 30 days' notice of the termination of his employment in the event defendant had breached said contract.

"5. The Plaintiff, Dr. Parker, did not give defendant, Dr. Slayter, the required 30 days' notice, but, to the contrary, discharged defendant from such contract of employment summarily and arbitrarily, upon only a few minutes' notice.

"6. The portion of the contract providing for defendant's compensation for his services states that he is allowed to retain all moneys, and continues with an independent clause relating to house-calls, substantially as follows: 'The Associate shall, however, be entitled to receive all the money made by him on house-calls, which he makes away from the office and at other times than during the usual working hours at the said clinic * * *.'

"7. Under this provision, defendant had the right to retain all moneys collected by him from all house-calls, and from all patients receiving chiropractic care and treatment at all other times than during the regularly scheduled office hours.

"8. Defendant, Dr. Slayter, did not breach such contract by retaining a portion of the money paid by patients, who received chiropractic care and treatment in their homes, or at other times than during regularly scheduled office hours.

"9. Said written contract also provided that, in consideration of defendant's employment, he, defendant, agreed not to practice the chiropractic art for the term of the contract, and for one year thereafter, in Harris County, Texas.

"10. Said written contract was changed by the mutual oral consent of the parties, after its execution, in certain unimportant particulars.

"Conclusions of Law.

■ "1. Plaintiff cannot benefit by equity, as he has not come into court with clean hands, having been the first to breach the contract.

"2. He is not entitled to equitable relief, even though the proof shows that defendant does not have any assets from which a judgment for damages may be satisfied.

■■ "3. The consideration for defendant's promise not to practice the chiropractic art of healing during the life of the contract and for one year thereafter was his employment for the full term of two years; such latter consideration moving to defendant being a continuing consideration; upon the defendant's being fired before the termination of the contract, to him, there was a failure of consideration, and no other consideration remained to support the promise not to so practice.

■ "4. The written contract was void as to the amount of territory covered by the prohibition not to practice the chiropractic art of healing, to-wit: Harris County, Texas, as such amount of territory is too inclusive, and the prohibition, therefore, too harsh and unreasonable, and against public policy.

■ "5. Plaintiff had no right to discharge defendant from his employment

without first giving defendant 30 days' notice, regardless of the breach, or type, or manner of breach, committed by defendant that might lead to plaintiff's discharging him.

"6. The fact that defendant was and still is indebted to plaintiff, under other and separate contracts between the two, does not eliminate the necessity for plaintiff to have given defendant 30 days' notice of the termination of said written contract of employment, or, what might be its equivalent, to have paid him his wages in cash for a 30-day period, beginning with the date of his having been discharged from plaintiff's employment."

Therefore, the appealed-from judgment is affirmed.

Affirmed.