## Dr. Richard Q. Lewis v. Krueger, Hutchinson and Overton Clinic

No. A-4533. Decided June 30, 1954.
(269 S.W. 2d Series 798)

*Boling & Smith,* of Lubbock, for petitioner.

The Court of Civil Appeals should have affirmed the judgment of the trial court and erred in not doing so. Wilkinson v. Paschall, 210 S.W. 2d 215; Davis v. Magnolia Petroleum Co., 134 Texas 210, 134 S.W. 2d 1042.

*Klett, Bean & Evans* and *Crenshaw, Dupree & Milam,* all of Lubbock, for respondent.

In response to petitioners contentions cited City Ice Delivery Co. v. Evans, 275 S.W. 87; Perdue v. Hughes, 143 S.W. 2d 684; Parker v. Smith, 254 S.W. 2d 144.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner, Lewis, a young physician, entered the employ of respondents in January 1950 under a written agreement. It provided in part that if the employment of petitioner ceased he would not thereafter practice his profession in Lubbock County.

Three years later petitioner resigned and entered private practice for himself in Lubbock. Respondents filed suit praying for injunction, and thereafter moved for summary judgment based upon affidavits and deposition of the parties. The trial court sustained exception addressed to the petition on the ground that the covenant, though reasonably limited as to space, was void and unenforceable because unlimited as to time. On appeal the cause was reversed and remanded, with directions that respondents' motion for summary judgment be sustained but reducing the injunctive relief to a period of three years. 266 S.W. 2d 885.

We are of the opinion that this decision is correct.

In one authority the rule is thus stated:

"Generally, an agreement imposing a restraint reasonably limited in space is not against public policy, although unlimited in time of operation, regardless of the nature of the business or occupation restrained." 17 C.J.S. Contracts, § 244.

The case of Randolph v. Graham, 254 S.W. 402, is in point, though it deals with the sale of one physician's practice to another. Under somewhat similar facts as here presented, it was held in Foster v. White, 248 App. Div. 451, 290 N.Y.S. 394, 395, that though the covenant be unlimited as to time this fact will not preclude the granting of an injunction where the area of restraint is limited and reasonable. In an earlier Supreme Court of Rhode Island case, Tillinghast v. Boothby, 20 R.I. 59, 37 Atl. 344, the holding is to the same effect.

As the rule makes no distinction between a profession and any other occupation, such cases as Patterson v. Crabb, Texas Civ. App., 51 S.W. 870; Langever v. United Advertising Corporation, Texas Civ. App., 258 S.W. 856, and Moore v. Duggan Abstract Co., Texas Civ. App., 154 S.W. 2d 519, come into application.

o

In view of the full discussion by the Court of Civil Appeals and the many other authorities referred to in its opinion, we need pursue the point no further.

Many cases are cited by petitioner but none seem to support his contention. For instance, in the recent case of Parker v. Slayter, Texas Civ. App., 238 S.W. 2d 814, the court held that the area, namely, that of Harris County, was too inclusive and therefore harsh and unreasonable. The parties had operated a chiropractic clinic in Baytown, a suburb of Houston. Their patrons came from only a small portion of the county, whereas the patients of respondents were drawn from all over Lubbock County and the contiguous area.

In Miller v. Chicago Portrait Co., Texas Civ. App., 195 S.W. 619, the contract of employment provided the employee would not engage in a rival business in a certain territory stipulating that in the event of a violation, liquidated damages were fixed at the sum of $1,000. The court held that an injunction would not issue to enjoin the employee from engaging in such business within the state, there being no evidence of trade secrets connected with the business or a showing that damages were inadequate.

In Union Transfer & Storage Co. v. Greve, Texas Civ. App., 131 S.W. 2d 796, the case turned on a question of fact. There was no proof of injury, no diversion of patronage.

The Court of Civil Appeals, after holding that the unlimited time element, coupled with the limitation as to territory, was not unreasonable and did not render the contract void, reduced the limitation to three years. The clinic in its appeal had prayed that if the period of restriction was thought to be unreasonable, the duration of the injunction should be limited to three or five years. The court treating the proposition as an offer on the part of respondents to accept a reduction of time and as a waiver of their legal right to insist on injunctive relief for an unlimited time, reduced the period accordingly. Of this petitioner could not complain as it inured to his benefit. His point to the effect that the court was reforming the contract and trying the case on a different theory is without merit.

We agree with the result reached by the Court of Civil Appeals but upon somewhat of a different theory. Merely because a limit has not been fixed for the duration of the restraint, the

agreement will not be struck down but will be enforceable for such period of time as would appear to be reasonable under the circumstances. Corbin on Contracts, § 1391. This rule is properly applicable to the facts of our case. The restraint for three years will amply protect the practice of respondents and to extend the time further would serve no useful purpose.

We overrule petitioners' contention that the court is making a new and different contract for the parties. The phrase "will not thereafter practice his profession in Lubbock County" lends itself to the construction that the parties intended the restriction to prevail for a reasonable length of time only. Even though it might be interpreted as promising *never* to practice in Lubbock County, it would hardly be doing violence to the established principles to hold that the restriction is merely void or unenforceable with respect to that portion of the time beyond what the court considers reasonable.

The Court of Civil Appeals did not err in directing summary judgment to be entered. There was no dispute as to the facts. Sufficient consideration was shown moving to the petitioner. According to his own deposition he admitted making $500.00 more per month the first year he was employed by the clinic than he did the year before, and this income had increased to $20,000.00 the third year. Injury and damage to respondents were not disputed. The petitioner admitted that all of the patients that he had were those who had come to the clinic for treatment and had been referred to him.

The judgment of the Court of Civil Appeals must be affirmed.

Opinion delivered June 30, 1954.

MR. JUSTICE CALVERT joined by JUSTICE BREWSTER, concurring.

I agree to the judgment affirming the judgment of the Court of Civil Appeals, but I do not concur in the reasons given in the opinion by Associate Justice Culver for that result.

The contract provided, in substance, that in consideration of petitioner's employment and his later disassociation therefrom, he would "not thereafter practice his profession in Lubbock County." The contract, as written, was either legal or illegal. The language of the contract is too clear to lend itself to a construction that the parties intended the prohibition to exist for

only three years, or five years, or some other period of time which this court deems to be a reasonable time. When the parties contracted that respondent would "not thereafter" practice in Lubbock County they clearly meant that he would *never* practice in Lubbock County. What this court is saying by Justice Culver's opinion is that when a party agrees by contract that he will "not thereafter" engage in a particular business we will test the legality of the contract by looking further to see if he said "and by the language 'not thereafter' I mean 'never.' " Of course the two expressions mean exactly the same thing.

In my opinion the Court of Civil Appeals decided this case correctly and upon the correct theory: that is, that under all the authorities on the subject this was a perfectly valid and enforceable contract, reasonable both as to time and space, prohibiting respondent from ever practicing his profession in Lubbock County, with the right in respondents to waive their right of enforcement beyond a three-year period.

What Justice Culver's opinion does is to say that even though the contract may be illegal and unenforceable as written, one of the parties may make it legal and enforceable by offering to take out of it the offending provision that makes it illegal. This is exactly contrary to what we have held within less than two weeks of this writing in Patrizi v. McAninch, this volume p 389, where the parties sought by the very terms of the contract itself to eliminate all illegality leaving the remaining provisions as valid and enforceable.

I pose these questions: If we may rewrite the time provision of the contract, may we, having before us a contract illegal because of an unreasonable restriction as to space, rewrite it with the consent of the party seeking to enforce it so as to reduce the space, on the theory that the parties intended only to make a reasonable contract, and thereby make the contract legal? Could we rewrite both time and space provisions? In other words, if the contract here had provided that petitioner would "not thereafter" practice his profession in Texas, could we say that three years was a reasonable time limitation and Lubbock County a reasonable space limitation and then, with the consent of respondent, enforce the illegal contract as thus modified to a legal contract? I think not; and yet we have taken the first step in that direction, and I can think of no logical reason why, having done the one, we may not do the other.

Opinion delivered June 30, 1954.