Leroy SPINKS, d/b/a Spinks Tool & Supply
Company, Appellant,

v.

J. A. RIEBOLD, Appellee.

No. 5239.

Court of Civil Appeals of Texas.

El Paso.

Feb. 19, 1958.

Rehearing Denied March 12, 1958.

Thomas L. White, Monahans, for appellant.

John P. Dennison, Pecos, Alton C. Linne, Monahans, for appellee.

HAMILTON, Chief Justice.

Appellant, Leroy Spinks, doing business as Spinks Tool & Supply Company, sought an injunction to restrain appellee, J. A. Riebold, from engaging in the competitive business of that of appellant, on the ground that appellee had breached his employment contract. The case was tried to the court without a jury, and the relief sought by appellant was denied.

In September 1953, appellant and appellee entered into a contract of employment whereby appellant agreed to employ appellee as a salesman, selling merchandise,

equipment, and supplies handled by appellant in his business and, as a part of the consideration for said contract of employment, appellee agreed that he would not, after termination of his employment, directly or indirectly, engage in the same or similar business within the states of New Mexico, Texas, and Oklahoma, for a period of five years after such termination of his employment. On or about the 29th day of September 1956, appellee terminated his employment with appellant voluntarily, and immediately began to engage in a business similar to that of appellant, in the same territory in the states of Texas, New Mexico and Oklahoma in which appellee had worked for appellant.

The trial court, in its Findings of Fact and Conclusions of Law, found that the plaintiff was suffering damages as the result of the competitive business carried on by appellee, and that such damages were and would be very difficult to ascertain. The trial court further found that the appellant's business was principally confined to seismographing and core bit drilling portion of the petroleum industry, which was a highly specialized segment of said industry; that the potential customers in this segment of said industry were exceedingly limited, and that the continuity of appellant's business was dependent upon appellant's and his employees' personal contact with the customers and potential customers, and that the appellant had complied with the terms of the contract in every respect.

The trial court held that the restrictive covenant in the contract, which would prohibit appellee from entering a competitive business within the states of Texas, Oklahoma and New Mexico within five years from termination of employment by appellant, was unreasonable, both as to time and extent of territory covered, and could not be enforced because the contract was void.

Because of the opinion of our Supreme Court, in the case of Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798, 800, we cannot agree that the trial court was correct in the conclusion reached. It is our opinion that contracts of employment containing restrictive covenants, such as we have before us, will not be declared void because said covenants are unreasonable as to time, or as to the extent of territory covered, or unreasonable as to both time and territory. The Court specifically said, in that case, that it was not making a new and different contract for the parties, but said that "it would hardly be doing violence to the established principles to hold that the restriction is merely void or unenforceable with respect to that portion of the time beyond what the court considers reasonable."

The question before us, it seems, is not whether or not the contract is valid, but as to what extent the court will aid the appellant in the enforcement thereof. The appellant contends that the trial court was in error in holding that the five-year provision was unreasonable. We are inclined to agree with appellant, in view of the findings of the trial court with reference to the highly specialized nature of the business in which appellant was engaged, that the five-year provision is not unreasonable, and that to grant his request for injunction for that period of time would not be unreasonable. Periods of five years and ten years have frequently been upheld in the Texas courts: Martin v. Hawley, Tex.Civ. App., 50 S.W.2d 1105; Latham v. Butler, Tex.Civ.App., 17 S.W.2d 1083.

The case at hand not only involved a claimed unreasonable restraint in point of time, but also a claimed unreasonable provision as to area covered. The evidence showed that appellant's business and appellee's covered territory in all of the three states of Texas, Oklahoma and New Mexico. However, the territory in which appellant was active comprised only the Panhandle of Oklahoma, southeastern New Mexico, and the area of the Permian

Basin in West Texas. We think the trial court was correct in holding that the area provided in the contract, covering the entire three states, was unreasonable, and we hold that the territory set out in the court's judgment as being reasonable, is the only territory where the contract should be enforced. We do not mean, however, that the provision necessarily was unreasonable, because at the time the contract was entered into, so far as we know, it may have been contemplated by the parties that appellant's business would eventually cover the entire three states, and if that had been true at the time appellee severed his employment with appellant, then the provision as to space would not necessarily have been unreasonable. What we are saying here, is that it would be unreasonable for the court to grant an injunction preventing appellee from engaging in the supply business, similar to that of appellant, in the parts of the three states in which appellant had not been active. To do so would result in unnecessary harm to appellee, and be of no benefit to appellant. In the case of Burroughs Adding Machine Co. v. Chollar, Tex.Civ.App., 79 S.W.2d 344, the employee had worked five or six years selling typewriters and calculating machines for his employer. He had a contract of employment whereby he agreed that in case of termination of his employment, he would not engage in the sale of competitive articles with that of his employer within a territory including 66 counties in and around Fort Worth, Texas. The evidence showed that the employee had worked only in Tarrant County, and the trial court held that the contract was unreasonable, and refused his employer an injunction preventing him from competing. The Court of Civil Appeals held that, while it was unreasonable to grant an injunction covering the 66 counties, that the contract should not have been declared null and void, and that the injunction should have been granted, but confined to Tarrant County, where the employee had previously worked.

The trial court in the instant case should have granted the injunction, but confined it to the territory which it found was actually covered by the appellee in his work for appellant.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.