**Harry E. WEBER, Appellant,**

v.

**HESSE ENVELOPE COMPANY, Appellee.**

No. 15757.

Court of Civil Appeals of Texas.

Dallas.

Dec. 30, 1960.

Ivan Irwin, Sr., Dallas, for appellant.

Golden, Croley, Howell, Johnson & Mizell, and Donald G. Canuteson, Dallas, for appellee.

THOMAS, Justice.

Appellant, a former salesman of appellee, filed this suit seeking by declaratory judgment an adjudication as to the enforceability of covenants contained in his written employment contract providing that for a period of two years immediately following the termination of appellant's employment he would not engage in a competitive business to that of appellee within "a trade area radius of 200 miles from Dallas, Texas." By cross-action the appellee-employer sought a declaration that the restrictive covenants in the contract were in all things binding and enforceable.

The case was tried to the court without a jury; appellant was the only witness, and judgment was rendered that the restrictive covenants in the contract of employment were valid and binding for a period of two years from and after September 3, 1959, the date the employment terminated, "within a trade area radius of 200 miles from Dallas, Texas." We are of the opinion that the court's judgment was correct except that the restrictive covenants should be declared enforceable and binding only within Dallas County, Texas, the only county in which appellant solicited or was permitted to solicit customers.

Appellant began work for Hesse Envelope Company in September 1953 and continued such employment until September 1959. Appellant's initial salary was $350 per month, but at the time of the termination of his employment he was one of appellee's leading salesmen with his earnings on a commission basis averaging approximately $1,000 per month.

After a short term of training, appellant became an outside salesman to solicit orders for envelopes and related products handled by appellee. At first he worked "all over Dallas", but commencing in 1955 through the date of termination of his employment, appellant solicited orders mainly in the territory assigned to him, being the Trinity River Industrial Area of Dallas, estimated to be about 2 miles by 6 miles in extent. However, he was permitted to sell throughout Dallas County to customers he had theretofore developed. Also, the downtown business district of the City of Dallas was open to all salesmen even after the county had been divided into districts, and separate districts assigned to each of appellee's salesmen. Except to service his old accounts, salesmen could not solicit business outside his assigned territory and downtown Dallas. Appellant was never permitted to solicit directly any customers for envelopes or related products outside of Dallas County. On occasions he did receive orders by mail from national concerns, but he never went outside of Dallas to solicit such business. All of such sales had been initiated by appellant calling on a branch operation of the national concern located in the area assigned to him in Dallas.

Appellant was taught the envelope and related products business by appellee. He had access to the books, records and files showing the names and addresses of cus-

tomers of the company, the description of their orders, the type of envelope and related products sold to them and the prices at which they were sold. Appellant received valuable information as to selling techniques, and sales devices used by appellee. Appellant was furnished a list of customers who had been purchasing products from appellee for his use in soliciting business. Appellant frankly admits that if given the opportunity he fully intends to compete with appellee in soliciting orders from the customers he had been calling on while working for appellee.

Appellant forthrightly explained that he realized that the restrictive covenant in his employment contract was to prevent successful salesmen "from quitting and setting up their own operation and trying to raid the customers of their previous employers", and that he considered the restrictive covenant to be reasonable for that purpose.

By his first three points of appeal appellant contends that the restrictive covenants involved are not enforceable or binding upon him: (1) for a period of two years following termination of the employment contract, because (a) the period is too long; (b) the type of work he did did not require any restraint; and (c) the covenant was not supported by any consideration; (2) within a radius of 200 miles of Dallas, Texas; and (3) as to products other than envelopes, that appellee may handle in the future.

The Supreme Court of Texas on December 7, 1960, decided Weatherford Oil Tool Co. Inc., v. Campbell et al., 340 S.W.2d 950, 951, in which it held that a covenant in an employment contract which effectively prevented former employees from competing with the employer anywhere in the world for one year was unreasonable as written as to area; nevertheless, it was enforceable within an area that is reasonable under the circumstances. In its opinion the Supreme Court said:

"An agreement on the part of an employee not to compete with his em-

ployer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer.

\* \* \* \* \* \*

"Since the decisions in Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798, and Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668 (wr. ref.), it can no longer be said that a covenant not to compete is void and unenforceable simply because it is not reasonably limited as to either time or area. These cases hold that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances."

Logically now it seems that in each case involving restrictive covenants in an employment contract the trial court must determine from the facts and circumstances of that particular case what restraint is reasonably necessary to protect the business and good will of the employer. The restraint so determined will be enforced up to the limits agreed upon in the employment contract. Since Weatherford Oil Tool Co. Inc., v. Campbell, supra, and Lewis v. Krueger, Hutchinson & Overton Clinic, supra, about the only effect a restrictive covenant such as here involved will have is (1) to establish an enforceable obligation, which except for the agreement would not exist, upon the part of the employee not to compete within such an area and for such a time as is reasonably nec-

essary to protect the employer's business and good will, and (2) to fix a limit both in time and area beyond which the employee is in no event restricted in competing with the employer after termination of the employment. The burden of proof is on the former employer to go beyond the mere terms of the employment contract, and by satisfactory evidence establish both the necessity for, and the reasonableness of the restraint on competition which he seeks to enforce within the limits of the contract. Denny v. Roth, Tex.Civ.App. 1956, 296 S.W.2d 944, Syls. 3 & 4 (wr. ref.).

■ The trial court did not file findings of fact, nor were any requested by either side. Therefore, all reasonable presumptions in favor of there having been sufficient evidence to sustain the trial court's judgment will be indulged.

■ Contrary to appellant's contentions, there is ample support in the evidence for the court's implied findings (a) that the two year restrictive period is reasonable, the time limit being well within the period generally upheld as enforceable, (b) that the personal relation established between appellant and the customers he had been soliciting for appellee for several years was necessarily such as to indicate that appellant would be able to control their envelope business as a personal asset, which personal relationship warrants a reasonable restraint on appellant to prevent him from "trying to raid the customers" of appellee, and (c) the restrictive covenant is supported by sufficient evidence. Lewis v. Krueger, Hutchinson & Overton Clinic, supra.

Appellant's contention that it is unreasonable to enforce the restrictive covenant over a circle of all the territory within a radius of 200 miles of the City of Dallas is sound. To restrict him beyond Dallas County would impose upon appellant a greater restraint than is reasonably necessary to protect the business and good will

of appellee under the undisputed evidence. Appellee made no effort to show the contrary.

In Spinks v. Riebold, Tex.Civ.App.1958, 310 S.W.2d 668, 670 (Wr. ref.), it was held that it would be unreasonable to prevent a former salesman from engaging in a business similar to that of the former employer in the States of Texas, Oklahoma and New Mexico (the prohibited territory in the restrictive covenant involved), because "to do so would result in unnecessary harm to appellee, (salesman) and be of no benefit to" the employer. However, it was proper to confine the salesman to those parts of the three states actually covered by him in his work for the employer.

In Denny v. Roth, supra, it was held proper to restrain a route-salesman for a bakery from engaging in competition by soliciting the employer's customers only along the route he had formerly worked, even though the contract involved provided that the former salesman would not engage in competition with his former employer for one year after termination of his employment within a radius of 100 miles of Houston, Texas. This was so since the employer, upon whom the burden of proof was cast, had not shown that it was necessary for the protection of his good will and business that the restraint on the former employee be extended to cover the full area named in the employment contract.

Applying the principles set forth in the foregoing authorities to the evidence in this case, briefly outlined herein, we hold that there is no evidence that Hesse Envelope Company is entitled to enforce the restrictive covenants of the employer-employee contract here involved beyond the limits of Dallas County, Texas. To that extent appellant's second point is sustained.

■ The covenant which restricts appellant from calling upon any customer or customers of appellee for the purpose of soliciting and/or selling to any of said customers any envelopes or similar products

manufactured and designed by appellee, or handled by it from time to time, or any products incidental to the business of appellee, is a reasonable restriction as necessarily found by the trial court. Appellee named a number of items being manufactured, designed, handled and sold by appellee. All could be classed as related to envelopes being generally such items as are handled by stationery firms. We agree with appellee that a reasonable construction of the provision regarding products shows plainly that it covers envelopes and related products of the class being handled as incidental to appellee's business. Appellant's third point is overruled.

Without merit, appellant contends in his fourth point that the restrictive covenants in the employment contract involved are not binding and enforceable against him because he was discharged by appellee without receiving 15 days' notice. The contract of employment provided it could be terminated by either party upon a 15 day written notice, or by appellee without notice in the event appellant was guilty of (1) absence without leave; (2) neglect of duty; or (3) disrespectful behavior. Article III of the contract provides that appellant should cover the territory assigned to him in accordance with the instructions of the Director of Sales of appellee. The latter issued written directives regarding hours and working conditions which appellant admitted violating at various times because he considered, as an outside salesman he had a right to violate the directives, because of his previous years of work. Friction developed which led to heated discussions on September 2d and 3rd. Appellee contends appellant resigned; this he denies, contending he was discharged on September 3rd without receiving 15 days' notice. Appellee replys it had a right to discharge appellant without notice under the contract, but if it was guilty of a technical breach insofar as termination of the employment was concerned, such breach was not sufficient to allow appellant to avoid compliance with the restrictive covenants contained in the contract. The trial Court's implied findings in favor of appellee are supported by ample evidence. As pointed out in Latham v. Butler, Tex.Civ. App.1929, 17 S.W.2d 1083 (Wr. ref.), a case substantially similar to this one on this point in principle, any failure to give appellant 15 days' notice did not form a part of the leading consideration of the contract of employment, and a breach of that unimportant provision or subordinate stipulation merely incidental to the main purpose of the contract, while it might subject appellee to damages, would not excuse appellant from performance of the negative restrictive covenants of the contract involved. 10-A Tex.Jur. "Contracts" § 228.

The judgment of the trial court is reformed so as to decree the contract of employment valid and binding within Dallas County, Texas, for two years from September 3, 1959, and as reformed is affirmed.