**REDDING FOODS, INC., Appellant,**

v.

**Kenneth BERRY, Appellee.**

**No. 16150.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 12, 1962.

Ramey, Ramey & Neal, Jack G. Neal, Sulphur Springs, for appellant.

Enoch G. Fletcher, Grand Saline, and Wynne & Wynne, and Gordon R. Wynne, Wills Point, for appellee.

WILLIAMS, Justice.

This appeal follows the District Court's denial of a temporary injunction sought by appellant corporation against appellee from violating the terms of an alleged restrictive covenant contained in a contract of sale. The essential antecedent facts may be briefly summarized.

Kenneth Berry and Raymond Sloan were owners and operators of a grocery business in Grand Saline, Texas. On October 4th, 1961 George W. Redding, being desirous of purchasing the business operated by Berry and Sloan, entered into a written contract to purchase, said agreement containing the following clause which is the basis of this controversy:

"The parties of the first part further agree to obligate and bind themselves that as a part of the consideration of sale of said food business is that they will not engage in the food business for a period of five years from the date of the closing of the contract."

Redding Foods, Inc., became the assignee of George W. Redding. Thereafter, on October 31st, 1961 the agreement was consummated and Redding Foods, Inc. took over the operation of the grocery store retaining Kenneth Berry as an employee store clerk. Berry continued in such employment for appellant corporation until a short time prior to trial. Appellant instituted this suit, contending that appellee in March 1962, in violation of the restrictive covenant quoted above, accepted employment as a clerk with another retail grocery store in Grand Saline, Texas. Appellee makes no contention that he did not intend to go to work as a grocery clerk for another grocery company, contending, among other things, that the restrictive covenant, being unlimited as to geographical area is void, and furthermore ambiguous in that it was not intended to restrict appellee in the performance of duties as grocery clerk.

In three points of error appellant seeks reversal of the court's denial of its temporary injunction, same being substantially that (1) the court erred in denying the injunction because the undisputed evidence showed that appellee had accepted employment in derogation and violation of the restrictive covenant; (2) that the court erred in holding that the contract was void because not limited to area; and (3) that the court erred in its conclusion of law that the term "engaging in the food business" was unreasonable and ambiguous.

In the very recent case of Janus Films, Inc. v. City of Fort Worth et al., Tex., 358 S.W.2d 589, our Supreme Court reannounced the fundamental rules of appellate review from orders denying temporary injunctions. As therein stated the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Texas Foundaries, Inc. v. International Moulders

& Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460. The trial judge is endowed with broad discretion to grant or deny the injunction. Railroad Comm. of Texas v. Shell Oil Co., Inc., 146 Tex. 286, 206 S.W.2d 235. The purpose of the temporary injunction, said the Supreme Court, is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

After a careful review of the entire record in this case we are impelled to the conclusion that the trial judge in this case did not abuse his discretion in denying the application for temporary injunction. We find ample evidence to justify the action on the part of the trial judge in holding the matter in abeyance pending a complete and final hearing for permanent injunction and damages.

■■ One of the primary questions presented to the trial court, as here, is the validity of the restrictive covenant contained in the contract of sale. Appellee maintains that the contract provisions containing such a restraint is entirely void. Restrictive covenants are said to be in restraint of trade and are held to be valid only if shown clearly to be within the exceptions to the general rule. Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278. It has been held that restrictive covenants ancillary to the sale of businesses are sustainable only when the restraint involved is reasonably limited to both time and locality, or as to locality only, without any restriction as to time. On the other hand, restraints that are unlimited both as to time and place are held to be void. 13 Tex.Jur.2d § 187, pp. 396–397.

The rule was announced by this Court in Caraway v. Flagg, Tex.Civ.App., 277 S.W.2d 803, as follows:

"The general rule is that a contract unlimited, (1) as to time and space is void; (2) as to time, but not as to space, is ordinarily void; and (3) as to space, but not as to time, is valid only if reasonable. 17 C.J.S. Contracts §§ 242 to 244 inclusive, page 624."

The Fort Worth Court of Civil Appeals in the case of Star Refining Co. v. Butcher, 84 S.W.2d 303, said:

"It is a well-recognized rule that if such a restriction against engaging in a competitive business is unlimited as to place, the contract is illegal, as held in Comer v. Burton-Lingo Co., 24 Tex. Civ.App. 251, 58 S.W. 969, 970; Martin v. Hawley (Tex.Civ.App.) 50 S.W.2d 1105."

■ Appellant relies upon such cases as Burroughs Adding Mach. Co. v. Chollar, Tex.Civ.App., 79 S.W.2d 344; Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668; Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 and Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950. However, a careful examination of each of these cases demonstrates that the contracts were materially different than that in the instant case in that the geographical area of each of those cases was definable. Here, the contract is unlimited as to geographical areas, and we think therefore, illegal, as held in the foregoing authorities. However, if it may be said, arguendo, that such contract is not entirely void, but subject to judicial reformation, then the trial court did not abuse his discretion in holding the matter in status quo until final hearing. Appellant seeks to have the court rewrite the contract and provide therein for a limitation of geographical area within the limits of reasonableness. To do what appellant demands could not be fairly done without a full and complete hearing on the merits of the case to determine the question of reasonableness.

■ The trial court found that the contract in question was ambiguous in that the term "engaging in the food business" is a term which conceivably covers many

classes of employment. Appellee contended that it was his construction of this phrase that he could not engage in the grocery business as a proprietor. He further contends that such construction called for by appellant would prevent him from earning a livelihood as a clerk in a grocery store or cafe or other institutions handling food. Thus, there is ample testimony in this record supporting the court's finding concerning ambiguity. Whether or not a contract is ambiguous is a question of law. Being ambiguous the contract is susceptible of being explained by parol testimony which must be done upon final hearing of this case upon the merits.

Another reason supporting the discretionary action on the part of the trial court is the construction placed upon the disputed part of the contract by the parties themselves. Appellant says that the appellee may not seek employment as a clerk in any other grocery store in Grand Saline. At the same time appellant admittedly employed appellee as a grocery clerk in its store for many months following the sale to appellant. It has now been held that the construction of the parties to a contract is to be given great weight by the court. This being based on the proposition that the parties themselves were in the best position to know what was intended by the language utilized by them. Our Supreme Court in the case of Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080 held that the reasonable construction given contracts by parties themselves before the controversy arose will generally be given controlling effect by the Court. For like effect see Mercantile Nat. Bank at Dallas v. McCullough Tool Co., Tex.Civ.App., 250 S.W.2d 870; Austin Stone Industries, Inc. v. Capitol Powder Co., Tex.Civ.App., 290 S.W.2d 689; Climatic Air Sales v. Climatic Air Distributors of South Texas, Tex.Civ.App., 336 S.W.2d 461; Manzer v. Barnes, Tex. Civ.App., 213 S.W.2d 464.

Finding nothing in this record to indicate abuse of discretion by the trial court in refusing to grant the temporary relief requested by appellant, we overrule appellant's points and affirm the judgment of the trial court.

Affirmed.