Dan C. WILSON, Appellant,

v.

CENTURY PAPERS, INC., Appellee.

No. 14658.

Court of Civil Appeals of Texas.

Houston.

Dec. 2, 1965.

Vinson, Elkins, Weems & Searls, Ross N. Sterling, Richard P. Keeton, Houston, for appellant.

Hirsch & Westheimer, Charles F. Cockrell, Jr., Houston, for appellee.

WERLEIN, Justice.

This is an appeal from the order of the trial court granting appellee, Century Papers, Inc., formerly Houston Paper Company, a temporary injunction restraining appellant, Dan C. Wilson, appellee's former employee, pending final hearing and determination of this cause, from engaging directly or indirectly in the selling of products within the city limits of the City of Houston, Texas, which, during his employment by appellee, appellant sold or distributed within the limits of such City.

Appellant first went to work for appellee on or about February 10, 1960, and resigned from his employment on or about February 4, 1963, at which time he was employed by Colgate-Palmolive-Peet Company. On or about December 2, 1963, appellant on being re-employed by appellee as a salesman, entered into a written employment contract wherein, among other things, appellant agreed and covenanted that upon the termination of his employment by appellee, however such termination might occur, he would not for the period of two years after the date of such termination engage, directly or indirectly, within a described area in Texas and Louisiana, in the business of selling any of the products which at any time during the course of his employment by appellee he had sold or distributed for appellee, or in respect to which he may have acquired information as to customer lists or requirements or other confidential information as the result of his employment. Appellant worked in such employment until February, 1965, when he voluntarily resigned and went to work as a salesman for Carpenter Paper Company, a competitor of appellee.

The temporary injunction granted by the trial court restrains appellant from engaging directly or indirectly in the selling of products within the city limits of the City of Houston, Texas, which during his employment by appellee he sold or distributed within such city. It is thus seen that the court in granting the injunction greatly restricted the territory covered in the contract of employment, and limited such territory to the City of Houston. The law is well settled in this State that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances. Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798; Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668, writ ref.; Weatherford Oil Tool Company v. Campbell, 1960, 161 Tex. 310, 340 S.W.2d 950. It is our view that the contract of employment in question, as limited with respect to territory by the trial court, is not unreasonable with respect to time or area, and is a valid contract.

In the instant case, it is undisputed that in his employment with Carpenter Paper Company, appellant sells the same kind of products in the same area that he had sold while employed by appellee. It is appellant's contention, however, that when he went to work for Carpenter he was presented a list of accounts by Carpenter's marketing manager and that from such list he struck off the accounts that he had previously called on when in the employ of appellee. When asked specifically, however, whether he had while working for Carpenter, called on any account that he had serviced under his contract with appellee, he answered in the affirmative. He then explained that the customer was a close friend. He also said there was another instance when a previous customer telephoned him. He further testified that after being employed by Carpenter, he had called on Williams Meat Company "in the capacity of selling them paper products." When asked if that was the only customer he called on while employed by Carpenter that he had also called on during

the time he was employed by appellee, he answered:

"No, sir. In essence, in actually calling on, I have seen quite a few of my previous customers with Houston Paper Company, and not calling on them but as they—well, we'll say personal relationship with them, calling on them. Not calling on them, but seeing them.

"Not soliciting their business. There's one instance where I had called on one, we'll say I had—I didn't actually call on him, because he is a very close friend of mine, * * *"

Appellant's testimony to the effect that he had seen quite a few of his previous customers, calling on them for personal friendship, but not calling on them to solicit their business, coupled with his admission of at least two violations of his employment contract, suggests the probability that some of the good will he had created in his former employment was being diverted directly or indirectly to his new employer. He testified it was easier to sell to friends and that a certain percentage of his personal contacts came about during the period he was employed by appellee. He also testified that the paper business was a highly competitive business. While he worked as a salesman for appellee selling its products within the City of Houston, he made many contacts and established personal relations and friendships with customers, and acquired a knowledge of the manner and methods used by appellee in conducting its business, and obtained lists of customers and I.B.M. sheets showing sales that were made during such time.

■ The purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine finally the respective rights of the parties under the cause of action asserted or the defenses urged. James v. E. Weinstein & Sons, Tex.Com.App.1929, 12 S.W.2d 959, and authorities there cited. The status quo to be preserved is the last actual peaceable non-contested status which preceded the pending controversy. Transport Co. of Texas v. Robertson Transports, 1953, 152 Tex. 551, 261 S.W.2d 549. The status quo in the present case was that situation which existed in February, 1965, immediately before appellant went to work as a salesman for appellee's competitor, Carpenter Paper Company, selling the same kind of paper products that he had sold within the City of Houston when working for appellee, in violation of his contract.

■ Appellant asserts that the granting of the temporary injunction in question was improper and not necessary to protect the good will and business of appellee, since only lists of customers and no trade secrets were involved, and also because there is no evidence showing any injury to appellee. The cases relied upon by appellant are for the most part cases involving permanent injunctions, such as Grace v. Orkin Exterminating Company, Tex.Civ.App., 255 S. W.2d 279, writ ref., n. r. e. The issues raised by appellant, with respect to there being no necessity to protect appellee by an injunction since only good will and not trade secrets is involved, if meritorious, are such as should be determined upon a hearing on the merits and not on a temporary injunction hearing brought to preserve the existing condition until the case can be tried on the merits. James v. E. Weinstein & Sons, supra; General Drivers, Warehousemen and Helpers Local Union 745 v. Dallas County Const. Employees Association, Tex. Civ.App., 246 S.W.2d 677, writ ref., n. r. e.

■ In the instant case appellee alleged and proved violations of the employment contract, and thus showed not only a breach by appellant of a valid contract reasonable in time and territory as limited by the court, but also established a probable right of recovery and a probable injury. The law is well settled in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and the court's action will not be disturbed on appeal unless it clearly appears that the

court has abused its discretion. Harding v. W. L. Pearson & Company, Tex.Com.App. 1932, 48 S.W.2d 964; Texas Foundries, Inc. v. International Molders & Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460; Transport Company of Texas v. Robertson Transports, Inc., supra; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, error ref., n. r. e.; 31 Tex.Jur.2d 345, Injunctions, § 224, and cases cited.

■ The law is equally well settled that if the facts are undisputed and only questions of law are presented, the trial court is required to correctly apply the law to such conceded or undisputed facts. If the court fails to do so, it would be an abuse of the court's discretion. 31 Tex.Jur.2d, § 224, p. 349; Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Dallas General Drivers, etc. v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873; John L. Bramlet & Company v. Hunt, Tex.Civ.App., 371 S.W.2d 787, writ ref., n. r. e.; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517; Denny v. Roth, 1959, Tex. Civ.App., 296 S.W.2d 944, writ ref. In the present case we have a valid contract and at least two admitted violations thereof. It thus became the duty of the trial court to properly apply the law to the undisputed facts.

■ It is our view that the trial court did not clearly abuse its discretion in granting the temporary injunction in question. Our courts have upheld almost without exception the validity and enforceability of contracts similar to that in the instant case. See Lewis v. Krueger, Hutchinson & Overton Clinic, supra; Park v. Essa Texas Corporation, Tex.Civ.App., 315 S.W.2d 197, writ ref., n. r. e.; National Linen Service Corp. v. Summers, Tex.Civ.App., 251 S.W. 2d 795, writ ref., n. r. e.

In John L. Bramlet v. Hunt, supra, the court said:

"* * * it is now well established that contracts ancillary to employment involving trades or professions are enforceable, though amounting to limited restraint of trade, where they are reasonably limited as to time and space. Some cases even go so far as to uphold such restrictive covenants, even in the absence of a time limitation, where the agreement is reasonably limited as to area. 13 Tex.Jur.2d Section 189, Pages 398–400, Krueger, Hutchinson & Overton Clinic v. Lewis (Tex.Civ.App.), 266 S.W.2d 885, affirmed 153 Tex. 363, 269 S.W. 2d 798; Randolph v. Graham, Tex.Civ.App., 254 S.W. 402, 58 A.L.R. 168. There is no contention made in this case by appellee that the time or space limitation is unreasonable."

See also Blaser v. Linen Service Corporation of Texas, 135 S.W.2d 509, dism., judg. cor.; Traweek v. Shields, Tex.Civ.App., 380 S.W.2d 131.

■ We overrule appellant's second Point to the effect that the trial court erroneously considered certain irrelevant and immaterial evidence with respect to the training given to appellant while he was in the employ of appellee. The facts were all before the court, who tried the case without a jury. It will, therefore, be presumed that the trial court did not consider, but wholly disregarded, any improper evidence which might have been received. Simpson v. Vineyard, Tex.Civ.App., 324 S.W.2d 276; Texas & Pacific Ry. Co. v. Empacadora De Cuidad Juarez, S. A., Tex.Civ.App., 342 S.W.2d 195, writ ref., n. r. e.; Allen v. Robbins, Tex.Civ.App., 347 S.W.2d 362. Moreover, the objection made to such evidence in the trial court was too general to be considered by the court. Zeek v. Gaddy, Tex.Civ.App., 287 S.W.2d 490, writ ref., n. r. e.; Bales v. Delhi-Taylor Oil Corporation, Tex.Civ.App., 362 S.W.2d 388, writ ref., n. r. e.

Judgment affirmed.