HOWELL, Justice,
dissenting.
I dissent. Although the majority has recited several well established principles relating to temporary injunction appeals, it has made no effort to demonstrate that they are applicable to the facts of this case. It takes no heed of the equally well established proposition that no temporary injunction can be granted where the evidence affirmatively shows that the applicant will not or cannot prevail at the trial on the merits. The majority opinion is in conflict with the authorities cited herein.
An examination of the facts is necessary. Mobile Auto Trim is an automobile trim and reconditioning business which sells franchises for its mobile van system in defined geographical divisions of the Dallas-Fort Worth area, as well as other Texas cities. Hill and Mobile entered into a contract designating a small portion of Dallas county and all of Denton county as Hill’s operating area. The contract contained a restrictive covenant prohibiting Hill from competing with Mobile for three years after the termination of his relationship with Mobile in a seven county area.
Hill’s franchise was terminated after two years. Mobile sought injunctive relief after Hill allegedly called on a car dealer in violation of the restrictive covenant.
The temporary injunction hearing established certain undisputed facts: (1) While Hill was a franchisee, he called on no dealerships other than those in his assigned area; (2) While Hill was a franchisee, he acquired no relationship with any customers of Mobile or the general public other than those in his assigned area; (3) Mobile is not seeking to enjoin the use of any trade secrets; and (4) the goodwill that Hill *386 may have developed in his designated area will not harm Mobile outside that area.
An agreement not to compete is in restraint of trade and will not be enforced unless it is reasonable. A competition restriction to be valid must contain a reasonable territorial limitation.
Frankiewicz v. National Comp Associates, 633 S.W.2d 505 (Tex.1982), (citations omitted). The question of reasonableness of the restrictive covenant as to time and area is a question of law to be determined by the court. Bob Pagan Ford, Inc. v. Smith, 638 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1982, no writ) (citing Lewis v. Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 (1954)); Barrett v. Curtis, 407 S.W.2d 359 (Tex.Civ.App.—Dallas 1966, no writ).
A restraint is unreasonable, absent some special justification, if it exceeds an area greater than that necessary to protect the person for whose benefit the restraint is imposed or if it imposes undue hardship on the person restricted. Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 312, 340 S.W.2d 950, 951 (1960).
... As pointed out in Wisconsin Ice & Coal Co. v. Lueth, 213 Wis. 42, 250 N.W. 819, 820 [(1933)], “the restrictive covenant must bear some relation to the activities of the employee. It must not restrain his activities in a territory into which his former work has not taken him or given him the opportunity to enjoy undue advantages in later competition with his employer.”
Id. at 312, 340 S.W.2d at 952 (emphasis added).
Thus, where, as here, the only potential injury to the party bargaining for the covenant is loss of goodwill and customers, (the covenantee is not concerned about usurpation of trade secrets), the reasonable area of restraint is that area where the covenantor worked for the former business and established customer relations. This rule is well established in Texas case law. See Cross v. Chem-Air South, Inc., 648 S.W.2d 754, 757 (Tex.App.—Beaumont 1983, no writ) (“The test for reasonableness as to territorial restraint is whether or not the injunction is confined to territory actually covered by the former employee in his work for the employer.”); Cawse-Morgan v. Murray, 633 S.W.2d 348, 350 (Tex.App.—Corpus Christi 1982, no writ); Martin v. Kidde Sales and Service, Inc., 496 S.W.2d 714, 718-19 (Tex.Civ.App.—Waco 1973, no writ) (largely unskilled labor, little training, “confine the injunction of the former employee to the area where the employee has worked for his former employer”); Weber v. Hesse Envelope Co., 342 S.W.2d 652, 655 (Tex.Civ.App.-Dallas 1960, no writ) (to prevent former employee from raiding customers of employer, injunction limited to area actually covered by employee in his work for employer); Krueger, Hutchinson & Overton Clinic v. Lewis, 266 S.W.2d 885, 889 (Tex.Civ.App.-Amarillo) aff'd 153 Tex. 363, 269 S.W.2d 798 (1954) (“The rule with reference to space limitations, as often announced by the courts, is usually determined by the territory served professionally in such cases.”).
There is no authority to justify a different rule for independent contractors. The rationale behind the rule is to foster competition and promote free enterprise, Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 312, 340 S.W.2d 950, 951 (1960); the rule is not simply a protection against oppressive labor contracts. Thus, in Cross v. Chem-Air, a large territorial restriction was enforced because Cross had performed services for the company in each of the counties restricted, not because Cross was a one-fifth owner of the company.
Furthermore, this case does not present the usual picture of a covenant executed in connection with the transfer of a business because this covenant runs in favor of the seller rather than the buyer. Where a going business is sold and the buyer pays a substantial sum for the exclusive use of the business name, its hallmarks, its customer lists, its customer loyalty, its location, its practices, techniques, and esprit de corps, it is perhaps true that the buyer presents a somewhat stronger appeal for protection against competition with the sell *387 er. However, the plaintiff in this instance is the seller, not the buyer, and the only justification voiced for extraterritorial application of the covenant is that the seller has other franchisees in those areas whom it desires to protect. The claim for protection must fail because Seller Mobile has failed to show how Hill, by competing with those other franchisees, would be exercising any special advantages gained by Hill as a result of his previous association with Mobile. We must adhere to the rule that the restraint must only include areas where the work for the covenantee has given the covenantor some opportunity to enjoy undue advantages in later competition — such as the advantage of goodwill with particular customers established while working for the covenantee. Weatherford, 161 Tex. at 313, 340 S.W.2d at 952.
Mobile, therefore, sought and obtained an injunction that is overbroad as a matter of law. It could not show a probable right of recovery sufficient to warrant the injunction in the area beyond Hill’s designated territory. The trial court abuses its discretion in granting a temporary injunction when the evidence does not establish a probable right of recovery or when it misapplies the law to the facts. State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex.1975); Otten v. Town of Clina Grove, 660 S.W.2d 565 (Tex.App.—San Antonio 1983, no writ). Standing alone, preservation of the status quo is insufficient to warrant a temporary injunction, for injustice may spring from immobility as well as from action. Southwestern Bell, 526 S.W.2d at 528. In this case the injunction imposed upon Hill precludes him from plying his trade in the seven counties surrounding his home. To prevent such a result is precisely why an applicant seeking a temporary injunction must demonstrate a probable right of recovery. When the trial courts grant an injunction that is not merited by the facts or is not sanctioned by the law, the appellate courts do a disservice by looking the other way and hoping for a speedy and correct resolution at the trial court. In the meantime, much may be lost.
I dissent. Because the injunction covers a territory longer than the area designated to Hill as a franchise, the case should be reversed.