**Jim WILSON, Appellant,**

v.

**CHEMCO CHEMICAL CO., Appellee.**

**No. 05–85–00583–CV.**

Court of Appeals of Texas, Dallas.

March 13, 1986.

Christian Jenkins, Dallas, for appellant.

Edward G. Markey, Bedford, for appellee.

Before VANCE, DEVANY and HOWELL, JJ.

HOWELL, Justice.

Appellee Chemco Chemical Company sued appellant Jim Wilson for an alleged breach of a covenant not to compete. Wilson appeared specially to challenge the trial court's jurisdiction. The case was tried before the court, which ruled against Wilson and ordered him to refrain from certain prohibited acts for a year following judgment. Wilson appeals, bringing forward three points of error. We affirm but modify the judgment.

In Wilson's first point of error, he complains of the trial court's failure to sustain his special appearance. He argues that the trial court lacked personal jurisdiction. The record discloses, however, that appellant failed to obtain a ruling from the court on his special appearance. A special appearance not ruled upon by the trial court presents nothing for review. *Steve Tyrell Productions, Inc. v. Ray*, 674 S.W.2d 430, 437 (Tex.App.—Austin 1984, no writ); *Harris v. Thompson Buick, G.M.A.C., Inc.*, 601 S.W.2d 757, 758 (Tex.Civ.App.—Tyler 1980, no writ).

The second point of error contends that the trial court erred in enforcing a covenant that was "overly broad, unreasonable and greater than reasonably necessary to protect ... business and goodwill." Wilson was an independent contractor acting as a salesman for Chemco products. His assigned area embraced the "four corners"

region of New Mexico, Arizona, Utah, and Colorado. It included twenty-one counties located in these four states. On October 23, 1984, Wilson notified Chemco by letter that he was terminating his agreement with Chemco thirty days from the date of the letter. Wilson began working in the area for another company, allegedly attempting to sell the same type of product in the same areas to customers he had previously solicited for Chemco. All of these activities are within the restrictions set out in the covenant not to compete.

■ The supreme court has stated the rule governing the enforceability of a covenant not to compete. "An agreement not to compete is in restraint of trade and will not be enforced unless it is reasonable. A competition restriction to be valid must contain a reasonable territorial limitation." *Frankiewicz v. National Comp Associates*, 633 S.W.2d 505, 507 (Tex.1982). The reasonableness of the restrictive covenant as to time and area is a question of law to be determined by the court. *Bob Pagan Ford, Inc. v. Smith*, 638 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1982, no writ) (citing *Lewis v. Hutchinson & Overton Clinic*, 153 Tex. 363, 269 S.W.2d 798 (1954) ); *Barrett v. Curtis*, 407 S.W.2d 359 (Tex.Civ.App.—Dallas 1966, no writ).

■ A restraint is unreasonable, absent some special justification, if it exceeds an area greater than that necessary to protect the person for whose benefit the restraint is imposed or if it imposes undue hardship on the person restricted. *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 312, 340 S.W.2d 950, 951 (1960).

■ Thus, where, as here, the only potential injury to the party bargaining for the covenant is loss of goodwill and customers, (the covenantee makes no claims concerning possible usurpation of trade secrets), the reasonable area of restraint is that area where the covenantor worked for the former business and established customer relations. This rule is well established in Texas case law. *See Cross v. Chem-Air South, Inc.*, 648 S.W.2d 754, 757

(Tex.App.—Beaumont 1983, no writ) ("the test for reasonableness as to territorial restraint is whether or not the injunction is confined to territory actually covered by the former employee in his work for the employer."). *Cawse-Morgan v. Murray*, 633 S.W.2d 348, 350 (Tex.App.—Corpus Christi 1982, no writ); *Martin v. Kidde Sales and Service, Inc.*, 496 S.W.2d 714, 718–19 (Tex.Civ.App.—Waco 1973, no writ) (largely unskilled labor and little training "confine injunction of the former employee to the area where the employee has worked for his former employer"); *Weber v. Hesse Envelope Co.*, 342 S.W.2d 652, 655 (Tex. Civ.App.—Dallas 1960, no writ) (to prevent former employee from raiding customers of employer, injunction limited to area actually covered by employee in his work for employer); *Krueger, Hutchinson & Overton Clinic v. Lewis*, 266 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo), *aff'd*, 153 Tex. 363, 269 S.W.2d 798 (1954) ("the rule with reference to space limitations, as often announced by the courts, is usually determined by the territory served professionally in such cases.").

The covenant before us is tailored to comply with this principle. Its restrictions operate only in the area that Wilson was previously assigned. Wilson points to *NCH Corp. v. Share Corp.*, 757 F.2d 1540 (5th Cir.1985). That case held restrictive covenants to be unreasonable, which covenants forbade former employees from working for competitors within the areas they had been assigned. In *NCH*, however, the covenant did not limit the prohibition to former customers and contacts as the one before us does. 757 F.2d at 1543.

■ Wilson argues that the Chemco covenant covers some twenty-one counties in four states whereas the invalidated *NCH* covenants covered fewer counties in a single state. However, an evaluation of the reasonableness of the restraint must take into account the characteristics of the area affected. The region assigned to Wilson is vast, but sparsely populated. A covenant that would be unreasonable in a dense, industrialized urban area may be reason-

able when applied to less settled areas. *See Matlock v. Data Processing Security Inc.,* 618 S.W.2d 327 (Tex.1981). Point two is overruled.

We do find merit in appellant's third point of error. He argues that the trial court erred in enforcing the covenant for one year from the date of judgment. The covenant's own terms provide that it is to run for one year from termination of the agreement. The trial court may not enlarge the time of the covenant's restriction from the period stated in the contract. *Rimes v. Club Corp. of America,* 542 S.W.2d 909 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). *See Cawse-Morgan v. Murray,* 633 S.W.2d at 350 *Cardinal Personnel Inc. v. Schneider,* 544 S.W.2d 845, 847 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). The injunction is modified to provide that it shall be in effect for one year from November 22, 1984. As modified, the judgment is affirmed.