J. Mark SWINNEA, Brady Environmental, Inc. and Malmeba Company, Ltd., Appellants,

v.

ERI CONSULTING ENGINEERS, INC. and Larry G. Snodgrass, Appellees.

No. 12–05–00428–CV.

Court of Appeals of Texas, Tyler.

March 30, 2012.

Gregory D. Smith and Sheral K. Maloy, for Appellants.

Deborah J. Race, Roger W. Anderson and Mike Hatchell, for Appellees.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and HOYLE, J.

## OPINION ON REMAND

SAM GRIFFITH, Justice.

Mark Swinnea sold his fifty percent interest in ERI Consulting Engineers, Inc. (ERI) to Larry Snodgrass, the other shareholder in the close corporation.

Thereafter, this suit arose. A bench trial ensued, and the court determined that Swinnea breached his fiduciary duty, committed fraud, and engaged in a conspiracy with Brady Environmental, Inc. The trial court awarded ERI and Snodgrass over a million dollars in damages, as well as attorney's fees. It also awarded Snodgrass one million dollars in exemplary damages. On appeal to this court, we rendered judgment that ERI and Snodgrass take nothing. *See Swinnea v. ERI Consulting Eng'rs, Inc.*, 236 S.W.3d 825 (Tex.App.-Tyler 2007), *rev'd in part*, 318 S.W.3d 867 (Tex.2010). The supreme court reviewed the case, affirming our determination that ERI and Snodgrass should take nothing on their conspiracy claims, but reversing our judgment as to the monetary awards for the remaining claims. That court remanded the case to us for further review. Because the evidence does not support the total lost profits award, we suggest a remittitur of a portion of that award. Additionally, we affirm the award of exemplary damages, and remand the case to the trial court for further consideration.

## LOST PROFITS

■ Swinnea asserts that there is "no evidence (or alternatively factually insufficient evidence)" to support the award of $300,000.00 in lost profits. The record shows that ERI averaged $19,833.10 in revenue per month from business done with Merico Abatement from January 2000 through August 2001. Later, from September 2001 through May 2004, average revenue dropped to $1,792.59 per month (a decrease of $18,040.51 per month). Snodgrass testified that ERI's net profit margin on revenue from Merico was approximately 25% to 30%. Therefore, assuming a 30% profit margin on the work from Merico, the evidence is legally sufficient to support an award of $178,601.05 for lost

profits for the thirty-three month period at issue.

■ Swinnea's alternative factual sufficiency complaint was not argued in the brief. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and the authorities relied upon as may be necessary to present the issue. *See Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.-Houston [1st Dist.] 2006, no pet.). Inadequate briefing results in waiver of the complaint. *See Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex.App.-Houston [1st Dist.] 2005, no pet.). Accordingly, Swinnea has waived his complaint that the evidence is factually insufficient to support the award of lost profits.

We overrule the portion of Swinnea's first issue complaining that there is no evidence, or factually insufficient evidence, to support the trial court's award of lost profits. However, because the award is excessive in the amount of $121,398.95, we suggest a remittitur in that amount. *See* TEX.R.APP. P. 46.3; *Swinnea*, 318 S.W.3d at 877; *Springs Window Fashions Div. Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 889–90 (Tex.App.-Austin 2006) (op. on reh'g), *pet. granted, case remanded w.r.m., to be dism'd by agr.* (appellate court suggested remittitur of difference between jury's award and the highest amount of damages supported by the evidence).

### EXEMPLARY DAMAGES

■ In his fourth issue, Swinnea asserts that the exemplary damages award cannot stand because there are no recoverable actual damages. Alternatively, he argues that the statutory cap applies to limit the award to two times the amount of actual damages.

### Standard of Review

■ We review an exemplary damage award under a factual sufficiency standard of review. *Hernandez v. Sovereign Cherokee Nation Tejas*, 343 S.W.3d 162, 168 (Tex.App.-Dallas 2011, pet. denied). We will not set aside the damages unless after reviewing the entire record, we determine the award is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Id.* When determining whether the exemplary damage award is excessive, we consider the following factors: (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties; and (5) the extent to which such conduct offends a public sense of justice and propriety. *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981).

### Analysis

For almost a decade, Swinnea and Snodgrass co-owned ERI. They were also partners in a limited partnership. After hearing a significant amount of evidence, the trial court found that Swinnea breached his fiduciary duty, committed fraud in the context of the buyout, made false representations of past and existing material facts to induce Snodgrass and ERI to enter into the buyout, and made false promises regarding his performance to induce Snodgrass and ERI to enter into the transaction. Thus, the nature of the wrong included breach of fiduciary duty, fraud, and fraudulent inducement. The character of the conduct involved was primarily dishonesty and deceit. *See Hernandez*, 343 S.W.3d at 177. The degree of Swinnea's culpability was significant. *Id.*

With respect to the situation and sensibilities of the parties, the relationship between the parties was fiduciary, and they were in business together. Swinnea made false representations and organized competing entities. The court found that Swinnea, while acting in a fiduciary capacity, made false promises and obtained money and property from ERI and Snodgrass. The trial court also found that Swinnea acted in bad faith and with malice. The evidence shows a willful, malicious, knowing, and intentional course of conduct by Swinnea. Swinnea possessed confidential and proprietary information regarding ERI and had a longstanding confidential relationship with Snodgrass. Due to the fiduciary nature of the relationship, the conduct is highly offensive to a public sense of justice and propriety. *Id.* at 177–78. After reviewing the entire record, applying the *Kraus* factors, and considering the amount of actual damages properly recoverable, we conclude that exemplary damages in the amount of $1,000,000.00 is not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Id.* at 168.

■ Section 41.003 of the Texas Civil Practice and Remedies Code provides in relevant part that exemplary damages may be awarded in cases where, as here, a claimant proves by clear and convincing evidence that the harm as to which recovery of such damages is sought results from fraud or malice. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(1)-(2) (West Supp. 2011). Under Section 41.008(b) of the Texas Civil Practice and Remedies Code, exemplary damages awarded against a defendant may not exceed an amount equal to the greater of (1) two times the amount of economic damages, plus an amount equal to any noneconomic damages found by the factfinder, not to exceed $750,000.00; or (2) $200,000.00. *Id.* § 41.008(b).

This section requiring a cap on exemplary damages does not apply if the plaintiff seeks recovery of exemplary damages based on certain enumerated acts committed intentionally or knowingly, including securing execution of a document by deception. *Id.* § 41.008(c)(11). This exception to the damages cap refers to Section 32.46 of the Texas Penal Code, which provides that a person commits an offense if, with intent to defraud or harm any person, he, by deception, causes another to sign or execute any document affecting property or service or the pecuniary interest of any person. *Id.* § 41.008(c)(11); TEX. PENAL CODE ANN. § 32.46(a)(1) (West Supp.2011).

The trial court found that Swinnea made false representations of past and existing material facts to ERI and Snodgrass, which were relied on by them, and which were made for the purpose of inducing them to enter the buyout. The court also found that Swinnea made the false representations with actual awareness of their falsity and with the intent to cause damage to ERI and Snodgrass. Accordingly, the trial court found the type of conduct referred to in Section 41.008(c)(11) and therefore the statutory cap on exemplary damages does not apply. TEX. CIV. PRAC. & REM.CODE ANN. § 41.008(c). Because the statutory cap does not apply and the evidence is sufficient to support the amount of exemplary damages awarded, we overrule Swinnea's fourth issue.

### DISPOSITION

Because the evidence does not support the $300,000.00 award of lost profits, we suggest a *remittitur* of $121,398.95. If within fifteen days after this court's opinion, ERI and Snodgrass file in this court a remittitur of $121,398.95 of the lost profits awarded in the trial court's judgment, then

the trial court's judgment will be reformed and affirmed as to $178,601.05 in lost profit damages. If the suggested remittitur is not timely filed, the part of the trial court's judgment awarding lost profit damages will be reversed and the cause remanded to the trial court for new trial. *See* TEX. R.APP. P. 46.3.

We *affirm* the trial court's award of exemplary damages. As directed by the supreme court, we *remand* the case to the trial court for review of its forfeiture award in light of the principles discussed in the supreme court's opinion.