

## NUMBER 13-12-00382-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE C.A.W.P. AND Z.J.W.P., MINOR CHILDREN

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Justice Longoria

Appellant, W.H.W., appeals the trial court's judgment for appellees, R.M.P., individually and as next friend of C.A.W.P. and Z.J.W.P., minor children.[1] For the reasons set forth herein, the Court affirms the trial court's judgment.[2]

---

[1] *See* TEX. R. CIV. P. 44. We refer to the parties by their initials to protect the identity of the minor children. *See* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

[2] *See* TEX. R. APP. P. 43.2(a) & 47.4.

I. BACKGROUND

In 2012, appellees filed their original petition alleging causes of action against appellant for intentional infliction of emotional distress based on, *inter alia*, appellant's alleged conduct in threatening and harassing his minor children, C.A.W.P. and Z.J.W.P., and his alleged conduct against their mother, R.M.P., in being a "vexatious litigant" who has "filed approximately 200 pleadings and motions in the States of Texas, Utah, Tennessee and Ohio with each being eventually denied or dismissed . . . ." Appellant filed an answer and a motion to dismiss for lack of personal jurisdiction. Appellant did not request a hearing or obtain a ruling on his motion to dismiss for lack of personal jurisdiction. Subsequently, appellant filed a pleading entitled, "Counterclaim and Counterclaim Additional Parties – Conspiracy – Intentional Tort – Civil Rights Violations – Fraud," seeking $10 million in compensatory damages, as well as $100 million in punitive damages, against R.M.P. and others, including R.M.P.'s lawyers and the presiding judge of the trial court. The trial court severed the counterclaim, and it is not part of this appeal.

Although the trial court found that appellant was duly notified concerning the trial date, which was set for May 30, 2012, appellant failed to appear for the final hearing.[3] Appellees presented evidence consisting of R.M.P.'s testimony and two sets of deemed admissions. Thereafter, the trial court entered a final judgment awarding each appellee $750,000.00 in compensatory damages, $10,833.00 in prejudgment interest, and $1 million in exemplary damages.[4]

---

[3] The record reflects that appellant did not file a motion for new trial. However, appellant filed a combined motion to reset hearing and motion to order electronic appearance, which was file stamped May 31, 2012. In the motion, dated May 29, 2012, appellant asserted that he "got NO NOTICE of such a hearing" to be held on May 30, 2012 and requested that "he be allowed to appear electronically by telephone at any future hearing." The motion was not verified, and there were no affidavits attached to it. *See* TEX. R. CIV. P. 251.

[4] The trial court made an affirmative finding that appellees had "established by clear and convincing

## II. Continuing Jurisdiction

In his first issue, appellant argues that the "trial court refused to obey Texas Law as to continuing jurisdiction in matters involving custody of minor children as well as general jurisdiction rules." In his brief, appellant argues that the "trial court judge has refused to rule that Texas no longer has continuing jurisdiction between the parties, as TEXAS FAMILY CODE TITLE 5 Sec. 155.003. (b) (1) and (c) (1) demands . . . ." According to appellant, "The simple fact is, the parties moved out of the state of Texas over FIVE YEARS AGO . . . ." Appellant argues that the trial court "has ignored clear Texas Law and refused to acknowledge that due to the change of residences of the parties involved, having moved out of the state of Texas OVER FIVE YEARS AGO, that Texas no longer has continuing jurisdiction in matters between the parties." Appellant argues that "[i]t is clear Judicial Error and Abuse for the district court [sic] to ignore TEXAS FAMILY CODE TITLE 5 Sec. 155.003. (b) (1) and ( c ) (1)."

### A. Applicable Law

"A trial court generally retains continuing, exclusive jurisdiction to modify its final order in a suit affecting the parent-child relationship."[5] However, Section 155.003(b)(1) of the Texas Family Code provides, "A court of this state may not exercise its continuing, exclusive jurisdiction to modify managing conservatorship if . . . the child's home state is other than this state . . . ."[6] Similarly, Section 155.003(c)(1) of the Texas Family Code provides as follows:

> A court of this state may not exercise its continuing, exclusive jurisdiction to modify possessory conservatorship or possession of or access to a child if

---

evidence that the harm they have suffered as a result of [appellant's] . . . conduct resulted from malice as defined in Section 41.001(7)(A) of the Texas Civil Practice and Remedies Code." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7)(A) (West, Westlaw through 2013 3d C.S.).

[5] *Phillips v. Beaber*, 995 S.W.2d 655, 657 (Tex. 1999).

[6] TEX. FAM. CODE ANN. § 155.003(b)(1) (West, Westlaw through 2013 3d C.S.).

. . . the child's home state is other than this state and all parties have established and continue to maintain their principal residence outside this state . . . .[7]

## B. Discussion

In his brief, appellant does not complain that the judgment being appealed modified managing conservatorship or modified possessory conservatorship or possession of or access to a child.[8] In fact, appellant states that "[t]his was not even a custody related matter, it was a completely new filing involving an alleged civil tort and injury alleged to have occurred outside the state of Texas by a person that does not reside in Texas and injuries to parties that do not reside in the state of Texas." According to appellant, the "judge in this matter awarded MILLIONS of dollars to the Petition[er] of the Tort Action . . . ." Based on the foregoing, the Court rejects appellant's argument that the trial court violated Section 155.003(b)(1) or (c)(1) of the Texas Family Code.[9] The Court overrules appellant's first issue.

### III. PERSONAL JURISDICTION

In his second issue, appellant argues that "[t]he trial court's decision that it maintained continuing jurisdiction in a child custody matter and a new tort petition where none of the parties resided in the state of Texas for OVER FIVE YEARS was clear judicial error and abuse." In addressing appellant's first issue, the Court has addressed appellant's assertion that the trial court erred in exercising continuing jurisdiction in a child custody matter. Appellant's second issue presents nothing further for the Court to

---

[7] *Id.* § 155.003(c)(1).

[8] *See id.* § 155.003(b)(1) & (c)(1).

[9] *See id.*

4

address with respect to continuing jurisdiction.[10]  Accordingly, the Court will address appellant's second issue as it relates to the issue of personal jurisdiction.[11]

## A. Applicable Law

A Texas court may exercise personal jurisdiction over a nonresident defendant only if jurisdiction is authorized by the Texas long-arm statute.[12]  However, "[p]ersonal jurisdiction over a party may be waived if it is not properly contested."[13]  Thus, "a nonresident appellant will be subject to personal jurisdiction in Texas courts if the appellant enters a general appearance."[14]  "[A] challenge [to personal jurisdiction] is properly raised in a special appearance,"[15] subject to the "due-order-of-hearing"

---

[10] *See* TEX. R. APP. P. 47.1.

[11] *See id.*

[12] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West, Westlaw through 2013 3d C.S.).  The Texas "long-arm statute," which permits Texas courts to exercise personal jurisdiction over nonresidents who do business in Texas, provides as follows:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> > (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
> >
> > (2) commits a tort in whole or in part in this state; or
> >
> > (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

*Id.*

[13] *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, orig. proceeding); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[T]he personal jurisdiction requirement is a waivable right.").

[14] *Arnold v. Price*, 365 S.W.3d 455, 458 (Tex. App.—Fort Worth 2011, no pet.).  A party enters a general appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court."  *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam) (citing *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)).  Thus, for example, "[a] party may waive a complaint challenging the trial court's assertion of *in personam* jurisdiction by voluntary participation in the trial of the suit."  *Abderholden v. Morizot*, 856 S.W.2d 829, 832 (Tex. App.—Austin 1993, no writ).  "The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction."  *Arnold*, 365 S.W.3d at 458.

[15] *In re S.A.V.*, 837 S.W.2d 80, 85 (Tex. 1992).  "[A] special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or

requirement, which "means that a special appearance motion 'shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.'"[16]  "[T]he specially appearing appellant [must] timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction."[17] "A special appearance not ruled upon by the trial court presents nothing for review."[18]

## B. Standard of Review

"Whether a court can exercise personal jurisdiction over nonresident appellants is a question of law, and thus we review de novo the trial court's determination of a special appearance."[19] "When as here a trial court does not issue findings of fact and conclusions

---

property of the appellant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a. "Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion . . . ." *Id.* Rule 120a states, "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id.*; *see also Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.) ("Rule 120a requires strict compliance, and a non-resident appellant will be subject to personal jurisdiction in Texas courts if the appellant enters a general appearance.").

[16] *First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (quoting TEX. R. CIV. P. 120a(2)); *but see Trenz v. Peter Paul Petroleum*, 388 S.W.3d 796, 802 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("Generally, if a defendant obtains a hearing on a motion that seeks affirmative relief unrelated to his special appearance before he obtains a hearing and ruling on his special appearance, he has entered a general appearance and thus waived any challenge to personal jurisdiction; but if a defendant obtains a hearing on a motion that only seeks relief appurtenant to his special appearance, it may not result in waiver.").

[17] *Milacron, Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 876 (Tex. App.—Texarkana 2008, no pet.); *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex. App.—Corpus Christi 1994, no writ) ("The specially appearing appellant must not only request a hearing, but specifically call that request to the trial court's attention. He waives his special appearance by not timely pressing for a hearing thereon."); *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 437 (Tex. App.—Austin 1984, no writ) ("We hold that appellants waived their special appearance by not timely pressing for a hearing on their special appearance motion to the jurisdiction.").

[18] *Wilson v. Chemco Chem. Co.*, 711 S.W.2d 265, 266 (Tex. App.—Dallas 1986, no writ); *see also Grynberg v. M–I L.L.C.*, 398 S.W.3d 864, 880 (Tex. App.—Corpus Christi 2012, no pet.) (holding that party "waived any special appearance . . . by failing to request a hearing or obtain a ruling on the preliminary question of personal jurisdiction").

[19] *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010).

of law . . . , all facts necessary to support the judgment and supported by the evidence are implied."[20]

## C. Discussion

In this case, appellant failed to make a timely request for a hearing on his attempted special appearance, failed to bring the specific request to the trial court's attention, and failed to secure a ruling on his jurisdictional challenge. In addition, by filing his counterclaim, appellant requested affirmative relief inconsistent with his assertion that the trial court lacked personal jurisdiction. Appellant therefore waived any error in the trial court's exercise of personal jurisdiction over him in this matter.[21] Furthermore, to the extent that appellant is attempting to complain about the trial court's exercise of personal jurisdiction over appellees, we reject appellant's argument because the right to make that complaint belonged to appellees, who clearly wished to submit to the trial court's jurisdiction by commencing this suit and thereby waiving any challenge to the court's personal jurisdiction.[22] The Court overrules appellant's second issue.

## IV. SUFFICIENCY OF THE EVIDENCE

In his third issue, appellant argues that the "trial court's decision that a new tort petition alleging the Petitioner of that tort filing was injured in the way of having a 'headache' is not an injury that justifies the type of award a biased judge awarded in a matter where the court had NO JURISDICTION anyway, such an award was clear judicial error and abuse." Appellant cites to the Fifth and Fourteenth Amendments to the United

---

[20] *Id.*

[21] *See Rudzewicz*, 471 U.S. at 472 n.14 ("[T]he personal jurisdiction requirement is a waivable right."); *Grynberg*, 398 S.W.3d at 880; *Arnold*, 365 S.W.3d at 458; *Milacron*, 262 S.W.3d at 875–76; *Bruneio*, 890 S.W.2d at 154; *Wilson*, 711 S.W.2d at 266; *Steve Tyrell Prods., Inc.*, 674 S.W.2d at 437.

[22] *See Rudzewicz*, 471 U.S. at 472 n.14.

7

States Constitution in support of this contention.[23]  In the argument section of his brief, appellant states, "The biased judge in this matter awarded MILLIONS of dollars to the Petition[er] of the Tort Action over an alleged injury of a headache with no proof of hospitalization for the alleged injury.  A completely illegal and unjustifiable award it was."

## A. Issue Presented

To the extent that appellant's third issue is premised on his assertion that the trial court lacked jurisdiction, we note that the Court has addressed and rejected that contention for the reasons stated in its discussion of appellant's first two issues.[24] Appellant's third issue presents nothing further for the Court to decide with respect to jurisdiction.[25]  Accordingly, the Court will address appellant's third issue as it relates to the award of "MILLIONS of dollars to the Petition[er] of the Tort Action over an alleged injury of a headache with no proof of hospitalization for the alleged injury."[26]

In their brief, appellees argue that the evidence is legally and factually sufficient to support the trial court's judgment, but they also maintain that appellant has waived any complaint regarding the legal or factual sufficiency of the evidence because he did not make the complaint on appeal.  We agree in part.

We agree that appellant has not properly challenged the factual sufficiency of the evidence.  First, appellant has not purported to challenge the factual sufficiency of the evidence.[27]  Second, appellant has not provided a statement of the standard of review for

---

[23] *See* U.S. CONST. amends. V & XIV.

[24] *See* TEX. R. APP. P. 47.1.

[25] *See id.*

[26] *See id.*

[27] *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

a factual sufficiency point.[28] Third, appellant has not provided any appropriate citations to or discussion of the law applicable to a claim for intentional infliction of emotional distress.[29] Fourth, with the exception of his several references to the "alleged headache" suffered by R.M.P., appellant has not identified or discussed any of the evidence appellees offered to prove their claims.[30] Fifth, appellant has not discussed why the evidence is factually insufficient to support the trial court's judgment.[31] Sixth, appellant has not requested relief appropriate for a factual sufficiency challenge.[32] Based on the foregoing, the Court concludes that appellant has waived any challenge to the factual sufficiency of the evidence.[33]

With respect to the legal sufficiency of the evidence, the Court is less inclined to deem the point waived. "It is our practice to liberally construe the points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants."[34] "We look

---

[28] *See Campbell v. State*, 85 S.W.3d 176, 184 (Tex. 2002) (refusing to address legal sufficiency point because, among other things, the petitioner did "not mention the standard for reviewing the legal sufficiency of the evidence").

[29] *See* TEX. R. APP. P. 38.1(i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.").

[30] *See Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 (Tex. App.—Dallas 2001, pet. denied) ("[W]hen an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding.").

[31] *See Campbell*, 85 S.W.3d at 184 (noting that "the briefs do not discuss . . . why the evidence does not, as a matter of law, support the trial court's . . . order"); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.").

[32] *See State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008) ("A party generally is not entitled to relief it does not seek."); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 626 (Tex. 2004) ("If . . . there is some evidence to prove an issue but that evidence is factually insufficient, the only remedy is a new trial.").

[33] *See DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 822 (Tex. App.—Fort Worth 2006, no pet.) ("[B]ecause the findings of fact are unchallenged through a factual or legal sufficiency point, they are binding on the parties and [on] this court.").

[34] *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982).

9

not only at the wording of the points of error, but to the argument under each point to determine as best we can the intent of the party."[35] In this case, it is clear that appellant takes issue with the award of millions of dollars "over an alleged injury of a headache with no proof of hospitalization for the alleged injury." However, it is equally clear that appellant's argument is limited to the claim by R.M.P. Appellant has failed to address the claims of C.A.W.P. and Z.J.W.P., which were not based on an "alleged injury of a headache." Their claims were based on allegations that appellant had threatened and harassed them. Appellant has not addressed these allegations or discussed the evidence offered to prove them. He has not discussed why the evidence is legally insufficient to support the trial court's judgment with respect to the children's claims or the amount of damages awarded to the children. Therefore, the Court concludes that appellant has waived any legal sufficiency challenge to the children's claims. Accordingly, the Court will address appellant's third issue only as it relates to R.M.P.'s claim.

## B. Standard of Review

"In reviewing a verdict for legal sufficiency, we credit evidence that supports the verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."[36] "A challenge to the legal sufficiency of evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla."[37] "Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists."[38]

---

[35] *Id.*

[36] *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).

[37] *Id.*

[38] *Id.* (quotations omitted); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) ("The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.").

10

## C. Applicable Law

To prevail on her claim for intentional infliction of emotional distress, R.M.P. had to prove by a preponderance of the evidence that: (1) appellant acted intentionally or recklessly; (2) his conduct was extreme and outrageous; (3) his actions caused her emotional distress; and (4) the emotional distress suffered was severe.[39]

The Texas Supreme Court has explained that "[s]evere emotional distress is distress that is so severe that no reasonable person could be expected to endure it."[40] In the same decision, it held that the evidence was legally sufficient to support a finding that the plaintiffs (employees) had suffered "severe emotional distress" based on the following:

> The employees testified that, as a result of being exposed to Shields's outrageous conduct, they experienced a variety of emotional problems, including crying spells, emotional outbursts, nausea, stomach disorders, headaches, difficulty in sleeping and eating, stress, anxiety, and depression. The employees testified that they experienced anxiety and fear because of Shields's continuing harassment, especially his charges and rages. Each employee sought medical treatment for these problems, and all three plaintiffs were prescribed medication to alleviate the problems. An expert witness testified that each of them suffered from post-traumatic stress disorder.[41]

To our knowledge, the Texas Supreme Court has not, to date, imposed a requirement that a claimant must produce evidence of hospitalization to prove a claim for intentional infliction of emotional distress.

## D. Discussion

Appellant argues that the trial court erred in awarding a money judgment to R.M.P. based on "an alleged injury of a headache with no proof of hospitalization for the alleged injury." Appellant has not provided the Court with any appropriate citations to legal

---

[39] *See Kroger*, 216 S.W.3d at 796.

[40] *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999).

[41] *Id.* at 618–19.

11

authorities or to the record in support of his contention.[42]  Furthermore, appellant has not discussed the standard of review, controlling law, or evidence admitted at trial.[43]  We are mindful that "[a]ppellate courts should reach the merits of an appeal whenever reasonably possible."[44]  However, "[p]oints of error asserted on appeal but not briefed are waived."[45]

In their brief, appellees point out that appellant was deemed to have admitted that his conduct caused emotional pain and suffering to R.M.P.  Appellees also point out that R.M.P. testified without objection that appellant's conduct has proximately caused her damage, and that it caused her to suffer severe emotional distress; in particular, appellant's conduct has been the direct and probable cause of her severe mental pain and anguish, as she believes that appellant is taking steps to violate prior orders entered by the trial court.  R.M.P. testified without objection that she is losing sleep worrying about whether she will be able to track appellant down, whether it be in Tennessee or Kentucky, because he provides an address from Tennessee; however, all the mail he sends is postmarked from Pikesville, Kentucky.  R.M.P. testified without objection that the emotional distress appellant has caused her to suffer has been severe in that she has suffered numerous intense headaches, is unable to sleep at night, has been unable to enjoy or digest her food, and she has engaged the services of a psychotherapist to assist her in dealing with overwhelming feelings of anxiousness and nervousness.  R.M.P. testified without objection that she has suffered and will continue to suffer additional

---

[42] *See* TEX. R. APP. P. 38.1(i).

[43] *See City of Austin v. Chandler*, 428 S.W.3d 398, 407 (Tex. App.—Austin 2014, no pet.) ("When an appellant challenges the legal sufficiency of the evidence supporting an adverse finding of fact for which the opposing party had the burden of proof, the appellant must demonstrate that there is no evidence, or merely a scintilla of evidence, to support the adverse finding.").

[44] *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

[45] *Smith v. Tilton*, 3 S.W.3d 77, 84 (Tex. App.—Dallas 1999, no pet.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("[E]rror may be waived by inadequate briefing."); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.").

damages as a result of appellant's conduct and that in all reasonable probability she will continue to suffer this mental pain and anguish for a long time into the future. R.M.P. also testified without objection that she has been unjustly troubled by appellant's filing of numerous pleadings and motions against her in different states.

In his reply brief, appellant states, "For the court to award MILLIONS for an alleged 'headache' is a gross judicial act and this court has the DUTY to vacate any award in this matter, especially such a gross award as MILLIONS of dollars for a headache." Appellant also states, "There is no legal precedence to award MILLIONS of dollars for an alleged tort that resulted in a headache, NONE; it is a gross judicial act by a biased judge and this court has a DUTY to vacate it and admonish the lower court and seek disbarment on the attorney that bought [sic] the action."

The Court, having fully considered appellant's argument and appellees' response, is of the opinion that appellant has not demonstrated that the evidence supporting the trial court's judgment is no more than a scintilla.[46] Appellant has not demonstrated that reasonable and fair-minded people could not reach the verdict under review based on the evidence presented at trial because he has not discussed the evidence actually presented at trial, except to mention repeatedly the headaches suffered by R.M.P.[47] As set forth above, there was other additional evidence offered to support R.M.P.'s claim; however, appellant has not discussed that evidence and has instead represented to the Court that her evidence consisted solely of an "alleged headache" that did not require hospitalization.[48] Therefore, the Court rejects appellant's "generic characterizations"

---

[46] *See Sw. Bell Tel.*, 164 S.W.3d at 626 ("As a rule, if a party with the burden of proof offers no evidence on an issue, the opposing party is entitled to judgment.").

[47] *See Saldana v. Garcia*, 285 S.W.2d 197, 200 (Tex. 1955) ("Assuming that the point presented in the brief was sufficient to direct the court's attention to the matter complained of, the court is only required to pass on the merits of the point of error in the light of the statement thereunder.").

[48] *See Fredonia*, 881 S.W.2d at 283 ("[S]earch[ing] the record for evidence itself . . . has never

complaining about the trial court's award of millions of dollars over a "headache" and concludes that appellant's challenge to the sufficiency of the evidence is inadequately briefed.[49]

Having concluded that the premise of appellant's argument is false, the Court cannot sustain appellant's challenge to the sufficiency of the evidence.[50]  Similarly, the Court cannot assert new arguments on appellant's behalf based on its own independent review of the record.[51]  Under these circumstances, the Court can reach only one conclusion, which is that appellant "failed to discharge his burden."[52]  Accordingly, the Court overrules appellant's third issue.

## V. CONSTITUTIONAL CHALLENGE

In his fourth issue, appellant contends that the trial court's judgment must be declared void because the "alleged tort involved constitutionally protected rights of the Petitioner in this matter . . . ."  According to appellant, "the filing of legal actions is a CONSTITUTIONAL RIGHT of citizens of the United States and such actions cannot be

---

been considered part of an appellate court's duties in conducting judicial review."); *Saldana*, 285 S.W.2d at 201 (stating that it is not the Court's duty "to make an independent search" of the record for "any evidence to support . . . [appellant's] contention that the trial court's judgment must be set aside because it was not supported by [sufficient evidence] . . . .").

[49] *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 237 (Tex. App.—Dallas 2000, pet. denied) (rejecting "generic characterizations" of the record and deeming point of error waived).

[50] *See Maranatha Temple, Inc. v. Enter. Products Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("When the appellant does not provide us with argument that is sufficient to make an appellate complaint viable, we will not perform an independent review of the record and applicable law in order to determine whether the error complained of occurred.  We will not do the job of the advocate.") (citations omitted).

[51] *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 722 (Tex. App.—Dallas 2011, pet. denied) ("Failure to provide substantive analysis waives an issue on appeal."); *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied) ("It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate."); *G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 546 (Tex. App.—Dallas 2005, no pet.) ("This Court is not responsible for making [a party's] . . . arguments for it."); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[The parties] must put forth some specific argument and analysis showing that the record and the law support[] their contentions.").

[52] *Saldana*, 285 S.W.2d at 201.

used as the basis of an alleged tort action as was done in this case." Appellant does not provide a clear and concise argument for the contention made, citation to appropriate authority, or citation to the relevant portions of the record.[53] Accordingly, the Court concludes the issue is inadequately briefed.[54] The Court deems the issue waived.[55] Therefore, the Court overrules appellant's fourth issue.

---

[53] *See* TEX. R. APP. P. 38.1(i).

[54] *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate courts have discretion to deem points of error waived due to inadequate briefing); *Swinnea v. ERI Consulting Eng'rs*, 364 S.W.3d 421, 423 (Tex. App.—Tyler 2012, pet. denied) ("Inadequate briefing results in waiver of the complaint."); *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) ("The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. . . . When a party fails to adequately brief a complaint, he waives the issue on appeal.") (citations omitted); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint."); *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 38 requires a party to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. This is not done by merely uttering brief conclusory statements, unsupported by legal citations.") (citations, quotations omitted); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that, even though courts interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of the arguments); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("By presenting such attenuated, unsupported argument, [an appellant] waives its complaints."); *Horton v. Horton*, 965 S.W.2d 78, 88 (Tex. App.—Fort Worth 1998, no pet.) ("By raising an issue and failing to present any argument or authority on that issue, the party waives that issue."); *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex. App.—Fort Worth 1996, writ denied) ("An appellant has the duty to show that the record supports her contentions and to point to the supporting places in the record."); *Maranatha Temple, Inc. v. Enter. Products Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("When the appellant does not provide us with argument that is sufficient to make an appellate complaint viable, we will not perform an independent review of the record and applicable law in order to determine whether the error complained of occurred."); *Greater Houston Transp. Co. v. Zrubeck*, 850 S.W.2d 579, 589 (Tex. App.—Corpus Christi 1993, writ denied) (holding that "right to complain of the insufficiency" of evidence was "waived" by "failing to address all of the elements" of the claims); *Barham v. Turner Const. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) ("[A]n appellant has the burden to show that the record supports contentions urged and to point out the place in the record where the complained-of matters are shown."); *Golden State Mut. Life Ins. Co. v. White*, 374 S.W.2d 901, 904 (Tex. Civ. App.—Dallas 1964, writ ref'd n.r.e.) (holding that contention that "there was not sufficient legal evidence in the record to support said judgment" was "too general for our consideration").

[55] *See Fredonia*, 881 S.W.2d at 284. The Court notes that even if the issue were adequately briefed and not deemed waived, the Court would overrule the issue as it relates to the claims by C.A.W.P. and Z.J.W.P. because those claims were not based on appellant's alleged conduct in filing frivolous lawsuits and pleadings; rather, the claims were based on appellant's alleged conduct in threatening and harassing his minor children. Therefore, even if the Court were to hold that a claim for intentional infliction of emotional distress cannot be based on the filing of frivolous lawsuits and pleadings, the holding would not establish that the trial court erred by rendering a judgment for C.A.W.P. and Z.J.W.P. on their claims against appellant for intentional infliction of emotional distress because their claims were not based on the filing of frivolous

## VI. Telephonic Appearance

In his fifth issue, appellant contends that the trial court erred by not allowing him "to appear via telephonic appearance." Appellant does not provide a clear and concise argument for the contention made, citation to appropriate authority, or citation to the relevant portions of the record.[56] Accordingly, the Court concludes the issue is inadequately briefed.[57] The Court deems the issue waived.[58] Therefore, the Court overrules appellant's fifth issue.

## VII. Conclusion

The Court affirms the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
4th day of September, 2014.

---

lawsuits and pleadings.

[56] *See* TEX. R. APP. P. 38.1(i).

[57] *See id.*

[58] *See Fredonia*, 881 S.W.2d at 284. In their brief, appellees point out that appellant filed his motion to appear by telephone the day after the bench trial was held. *See* TEX. R. APP. P. 33.1(a) (requiring a timely request to preserve error). Therefore, even if the issue were adequately briefed and not deemed waived, the Court would overrule the issue because the error was not preserved by a timely request. *See id.*