# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00831-CV

---

**Dana Pawlik, Appellant**

**v.**

**Continental Properties, Inc., and Continental 306 Fund, LLC, Appellees**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. 2016-1644B, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Dana Pawlik, Plaintiff, sued Continental Properties, Inc. and Continental 306 Fund, LLC, Defendants, for personal injuries she allegedly suffered while living at the Springs at Creekside Apartments, which she alleged were owned by the Defendants. At the close of Plaintiff's case, the trial court granted a directed verdict for Defendants. We will affirm.

### Factual and Procedural Background

Plaintiff moved into the Springs at Creekside Apartments in New Braunfels on December 31, 2015. She testified that she and the apartment manager noticed ants in her apartment when they did a preliminary walkthrough together. According to Plaintiff's testimony, the apartment manager said she would take care of it but did not. Plaintiff testified that during the four months she lived there the infestation of ants and various other types of

insects inside and outside her apartment became worse, and she sustained numerous bites on her feet, legs, and other parts of her body. She testified that she was bitten or stung by ants, a black widow spider, other unidentified insects, and possibly a scorpion. She complained of serious medical effects of these bites. For example, in April 2016, while still living in the apartment, she was seen by Dr. John Anderson at the New Braunfels Dermatology Clinic for a rash, which she reported to be from insect bites. She reported suffering fever and chills, stating that her "throat feels like [it's] closing." At the end of April 2016, she moved out of the apartment.

Plaintiff testified that after she moved out her symptoms got even worse: "[M]y body went haywire. The swelling, the facial swelling, the joints, my back, I didn't know what was wrong with me." She reported not only having inflammation of her face but also "paralysis on the left side." In March 2017, almost a year after she moved out, Plaintiff visited Stamps Chiropractic, where she complained of severe low back pain that radiated into her legs, nausea and vomiting, numbness in her feet, and severe pain and swelling in her hip. She attributed these symptoms to the insect bites she had sustained at the apartment the year before.

Although some medical records were introduced into evidence, no expert medical testimony was received.[1] The medical records that were admitted contain summaries of the symptoms Plaintiff described to the physicians but do not contain any medical opinions or conclusions as to the cause of her reported conditions.

The record does contain evidence that Plaintiff's health was far from perfect even before she moved into the Springs at Creekside Apartments. For at least a year before she moved into the apartment she had suffered from nausea and vomiting caused by acid reflux, for

---

[1] In her Appellant's Brief, Plaintiff relies on deposition testimony and records of Dr. Wallace Taylor. Although Dr. Taylor's deposition was marked as "Court's Exhibit 1," it was never offered or admitted into evidence. Accordingly, it is not part of the appellate record.

which she was on disability leave from her employment. She also suffered from severe diarrhea, as well as having a history of asthma and seasonal allergies. In addition, she suffered from depression and anxiety as a result of her father's recent death.

Plaintiff filed suit against Defendants as being the owners of the Springs at Creekside Apartments. Her Amended Petition asserted claims for "premises liability and negligence" and "landlord liability & tenant remedies." At trial, Plaintiff represented herself pro se. At the close of Plaintiff's presentation of her case, the trial court granted Defendants' motion for directed verdict, citing primarily an absence of evidence of causation.

## Discussion

The standard of review in an appeal from a directed verdict is well established:

> In reviewing a trial court's directed verdict, we examine the evidence in the light most favorable to the person suffering an adverse judgment and decide whether there is any evidence of probative value to raise an issue of material fact on the question presented.

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005) ("The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. Whether a reviewing court begins by considering all the evidence or only the evidence supporting the verdict, legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."); *accord Kam v. Karedia*, No. 03-18-00526-CV, 2019 WL 6831551, at *2 (Tex. App.—Austin Dec. 13, 2019, no pet.) (mem. op.).

Plaintiff's First Amended Petition alleged two causes of action: (1) "premises liability and negligence," and (2) "landlord liability & tenant remedies."

## 1. *Landlord Liability and Tenant Remedies*

In her Appellant's Brief, Pawlik mentions that her amended petition had pleaded a claim for "landlord liability and tenant remedies," but the brief does not specifically assign as error the directed verdict as to that claim, does not discuss the claim, and does not cite any authorities or portions of the record relevant to it. Accordingly, if in fact she intended to raise that matter as a complaint on appeal, she has waived any error due to inadequate briefing. *See Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *3 (Tex. App.—Fort Worth May 6, 2021, pet. filed) (mem. op.); *Bruce v. Cauthen*, 515 S.W.3d 495, 507 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Swinnea v. ERI Consulting Eng'rs, Inc.*, 364 S.W.3d 421, 423 (Tex. App.—Tyler 2012, pet. denied); *see also* Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## 2. *Premises Liability and Negligence*

The elements of a claim for premises liability are that:

> (1) some condition on [the] premises posed an unreasonable risk of harm; (2) the owner had actual or constructive knowledge of the condition; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries.

*Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see also LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (same). The common law doctrine of negligence contains three elements: (1) a legal duty owed by one person to another;

4

(2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Fagerberg v. Steve Madden, Ltd.*, No. 03-13-00286-CV, 2015 WL 4076978, at *1 (Tex. App.—Austin July 3, 2015, pet. denied) (mem. op.).

The fourth element of a premises-liability claim and the third element of a negligence claim simply require a plaintiff to prove that the defendant's breach of a legal duty proximately caused his or her damages. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). Although premises liability and negligence are distinct causes of action, Plaintiff's failure to distinguish between them here is immaterial because both types of claims require proof of causation of damages.

Compensatory damages fall into two categories: economic and noneconomic:

> (4) "Economic damages" means compensatory damages intended to compensate a claimant for actual economic or pecuniary loss; the term does not include exemplary damages or noneconomic damages. . . .
>
> . . . .
>
> (12) "Noneconomic damages" means damages awarded for the purpose of compensating a claimant for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind other than exemplary damages.

Tex. Civ. Prac. & Rem. Code § 41.001(4), (12); *see also Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 152 (Tex. 2014).

In the present case, Plaintiff did not present any evidence of economic damages. The record contains no evidence of medical expenses, lost income, or any other form of pecuniary loss.

5

Plaintiff argues, however, that she presented more than a scintilla of evidence showing that the Defendant's action caused her noneconomic damages, particularly physical pain, mental anguish, and disfigurement.

There was no expert medical testimony, however, tying earlier insect bites to the serious conditions Plaintiff complained of. "The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). The Texas Supreme Court has held that "both the occurrence and conditions complained of [must be] such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Jelinek v. Casas*, 328 S.W.3d 526, 534 (Tex. 2010) (quoting *Guevara*, 247 S.W.3d at 668).

It is uncertain whether "itching" alone can qualify as compensable "physical pain" or "mental anguish" under Texas tort law. *Cf. Gant v. City of Chicago*, No. 13-C-6231, 2017 WL 590279, at *3 (N.D. Ill. Feb. 14, 2017) ("Minor discomforts like itching and irritation do not, without more, rise to the level of compensable pain under Section 1983."); *Perez v. Hardy*, No. 13-C-5635, 2015 WL 5081355, at *7 (N.D. Ill. Aug. 27, 2015) (collecting cases holding that rash, itching, or eczema do not qualify as "serious medical condition" for purposes of 42 U.S.C. § 1983 and Eighth Amendment). We need not decide that question in the present case, however, because Plaintiff testified that her medical condition went far beyond mere itching. She testified that after she moved out of the apartment she began to suffer severe medical conditions: facial swelling and inflammation; paralysis on her left side; inflammation in her joints and back, sometimes so bad she "can't walk"; vomiting "every day" and "all the time"; fatigue; and "unbearable" pain.

6

While it seems possible that Plaintiff may have suffered a severe but delayed allergic reaction to insect bites, and that this allergic reaction caused the conditions she described, we do not believe such a possibility falls within the "general experience and common sense of laypersons" such that laypersons would be able to "evaluate the conditions and whether they were probably caused by the occurrence." *See Jelinek*, 328 S.W.3d at 534.

Because we conclude that causation between insect bites and the aforementioned medical conditions described by Plaintiff is "outside the common knowledge and experience of jurors," expert testimony was necessary to satisfy the causation element of her claim. *See Guevara*, 247 S.W.3d at 665. Since there was no such expert testimony here, the record is devoid of evidence of causation. "When expert testimony is required, lay evidence supporting liability is legally insufficient." *City of Keller*, 168 S.W.3d at 812. We overrule Plaintiff's appellate issues.[2]

## Conclusion

We affirm the trial court's judgment.

---

[2] Although the trial court did not cite it as a ground for the directed verdict, we note that the record contains no evidence that Defendants actually owned the Springs at Creekside Apartments during the time Plaintiff lived there or at any other time. The absence of this evidence forms an alternate basis for affirming the trial court's judgment. *See Democracy Coal. v. City of Austin*, 141 S.W.3d 282, 288–89 (Tex. App.—Austin 2004, no pet.) ("[E]ven if the reason given by the trial court is erroneous, the granting of a directed verdict can be affirmed if another ground exists to support it.").

_____

J. Woodfin Jones, Justice

Before Justices Triana, Smith, and Jones[*]

Affirmed

Filed:   July 15, 2021

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).